WILLIAM A. ZIEGLER v. LAWFORD G. BROWN.

150 So. 608.
Division A.
Opinion Filed October 19, 1933.

*S. D. McGill,* for Appellant;

*Milam, McIlvaine & Milam,* for Appellee.

TERRELL, J.—This is an appeal and a cross appeal from an order of the circuit court affirming the probate of the will of Hattie Sutton in which the decedent divided her property, consisting entirely of real estate, between her

niece, the appellant, and the appellee, her friend, who had lived in a confidential relation to her for years.

On the appeal it is contended that the will was the product of undue influence, a lack of testamentary capacity, and that it was improperly executed.

At the time of the execution of her will the testatrix was suffering from a stroke of paralysis. She could not speak audibly, and her right side and arm were paralyzed. The appellant was her only blood relative, the appellee was not related to her but had lived for years in her home, had been like a son to her, had looked after her property and other affairs, and stood in a confidential relation to her. She was interested in his education and his success; he was away at school when she was stricken but she sent for him at once to look after her affairs. When she was in normal health she expressed her purpose to dispose of her property in the manner she did. Her will was prepared by her lawyer according to her direction and was approved by her after it was written. As against the finding of the probate court approved by the circuit court the evidence fails completely to demonstrate that the will in question was the product of undue influence or a lack of testamentary capacity.

The charge of improper execution is predicated on a failure to comply with Section 3595, Revised General Statutes of 1920, Section 5460, Compiled General Laws of 1927, which in effect requires that all wills of real estate shall be signed by the testator or by some other person in his presence and by his expressed direction and shall be attested by two or more witnesses in the presence of the testator.

The evidence discloses that while the testatrix could 'neither speak nor write when she executed her will, she

was in possession of her mental faculties, gave direction for its preparation, read it when it was prepared, and indicated by gesture and nod that it was in compliance with her desire. She then handed it to her minister, the Reverend Pollard, and by the same token directed him to sign it for her. He signed her name to it and she made her mark or touched the pen as this was done in the presence of the subscribing witnesses. We think this was ample compliance with the law. Isaac v. Halderman, 76 Neb. 823, 107 N. W. 1016; Waite v. Frisbie, 45 Minn. 361, 47 N. W. 1069; Scott v. Hawk, 107 Ia. 723, 77 N. W. 467; Schouler on Wills, Vol. 2, page 468, and cases cited.

The main question raised on the cross appeal is whether or not a devisee in a will, having contested its probate, waives his objection thereto and right of appeal therefrom by prosecuting a partition suit based on the distribution made in the will.

It appears that after judgment was rendered by the probate court admitting the will of Hattie Sutton to probate and before the appeal below was taken the appellant, Willie Ziegler, filed suit in chancery against appellee seeking to partition the devised lands in the manner set out in the will. Appellee moved to dismiss the appeal because the partition suit amounted to an acceptance of the benefits of the order appealed from and was an election inconsistent with the appeal.

Election of remedies is founded on the premise that one cannot in the course of litigation or dealings in pais occupy inconsistent positions. The general law on election of remedies applies to appellate proceedings. It would, therefore, seem that the institution and prosecution of the partition suit as shown by the record would constitute an abandonment of the right of appeal and an election to rely on

the decree below probating the will. Flynn-Harris-Bullard Co. v. Hampton, 70 Fla. 231, 70 So. 385; Madden v. Madden, 169 Ky. 367, 183 S. W. 931; 1916E L. R. A. (N. S.) 892; McKain v. Mullen, 65 W. Va. 558, 64 S. E. 829; Elliott v. Orton, 69 Okla. 233, 171 Pac. 1110; 2 R. C. L. 61; 3 C. J. 679; 4 C. J. 580.

.It follows that the judgment on the merits was correct and is affirmed though the motion to dismiss was timely and might have been appropriately granted.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.