INA L. BRONSON. v. MARY E. BRONSON.

152 So. 860.
Division B.
Opinion Filed November 15, 1933.
Rehearing Granted December 30, 1933.
Opinion on Rehearing Filed March 1, 1934.

618

*Zewadski & Pierce*, for Appellant;

*A. C. Brooks*, for Appellee.

PER CURIAM.—The principal point in this case involves the sufficiency of the evidence to prove the genuineness of an alleged will which was sustained by the probate judge and negatived by the circuit judge on appeal from an order of the county judge admitting the will to probate after a contest and trial as to its authenticity.

Madison P. Bronson, alleged maker of the will, was killed in Tampa, Florida, on March 29, 1929. His mother, Mrs. Mary E. Bronson, was the successful contestant before the circuit court. Ina L. Bronson, the appellee in the circuit court, was a former wife who had been divorced from deceased on March 16, 1929, just a few days prior to the alleged testator's death. Notwithstanding the divorce, it was claimed by the erstwhile wife that she, shortly after the divorce was granted, contracted a common law marriage with her divorced husband and upon the basis of that claim it was contended that her deceased husband on March 20, 1929, had made and executed the following will which was written and signed with pen and ink:

"SEABOARD AIR LINE RAILWAY COMPANY

3/20/29

"Whom this may concern see that my wife, Ina Bronson gets my Buick Coupe and Diamond ring after Funeral expenses are paid the rest shall be divided between my wife and mother Mary E. Bronson of Williston, Fla.

"M. P. BRONSON."

The evidence was to the effect that the purported will was mysteriously found on the porch of a Mr. Jackson, upon whose testimony it was probated. This discovery, was made about the middle of June, 1929, a period of more than two months after Madison P. Bronson's death. The genuineness of the handwriting of the will was sharply controverted and testimony *pro* and *con* on that issue was extensively taken before the county judge who held the will good. The county judge's decision was reversed by the circuit judge, who held the will a forgery and directed that its probate be set aside.

A careful review of the evidence does not make it appear that the circuit judge was clearly wrong in his findings on the facts. Nor can it be said that the circuit judge in reversing the probate court, misapprehended the legal effect of the evidence.

The presumption is that the judgment of the circuit court as the court of first appeal is correct and that presumption not having been overthrown by a demonstration of error in this Court, the circuit court's judgment must be allowed to stand.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

## ON REHEARING.

PER CURIAM.—This case is before us for consideration after rehearing granted and the same having been presented by oral argument before the Court.

The conditions under which the case comes before us are set forth in the original opinion filed November 15, 1933.

It is contended by the appellant that the circuit judge in reviewing the case on appeal from the order of the county judge did not consider certain material evidence in

the form of original exhibits which were presented as a part of the evidence in the hearing before the county judge. The order of the circuit judge overruling the order of the county judge is in the following language:

"This cause coming on to be heard on the 3rd day of July, A. D. 1930, upon appeal and after reading the transcript and hearing the arguments of counsel for the respective parties, and the Court being advised as to the judgment which it should render herein; finds the said purported will to be a forged instrument and

"It is therefore, and in consideration thereof; ORDERED AND ADJUDGED that the judgment of the lower court admitting the said purported will to probate be and the same is hereby reversed and the cause remanded with directions to the lower court to proceed herein in accordance with this decision.

"DONE and ORDERED at Tampa, Florida, this 9th day of July, A. D. 1930."

It is contended that the exhibits were not presented to the circuit court under a certificate from the county judge which gave them verity either at or before the date of the hearing, July 3rd, 1930, although they were in the hands of appellant's attorney in court at that time and were referred to in the argument.

It now appears to us that because of the uncertainties as to the record in this case, the order appealed from should be reversed and the case remanded to the Circuit Court in and for Hillsborough County with directions that the entire record be again considered after notice to the parties at interest and their attorneys and that such order be entered as to the circuit judge considering the same may appear meet and proper, without prejudice to either party to appeal from the order so made, and that the original exhibits

transmitted to this Court be now returned by the Clerk of this Court to the Clerk of the Circuit Court in and for Hillsborough County to be used as' may be deemed proper in such further proceeding so to be had.

It is so ordered.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.