BETTIE E. SMITH v. MAMIE B. CONKLIN CLEMENTS and FREDERICK P. JEFFRY.

154 So. 520.

Opinion Filed April 26, 1934.

*Miles W. Lewis* and *Holland, Rogers & Hazard,* for Appellant;

*Gordon McCauley* and *J. C. Durrance*; for Appellees.

PER CURIAM.—This is an appeal from a decree of the Circuit Court of Duval County affirming a decree of the County Judge of the same county, admitting to probate, and upholding the validity of, a certain last will and testament shown to have been executed by Mrs. Rosie Rosalie Conklin during her last illness.

The will in question was dated July 16, 1927. Testatrix had been stricken with paralysis July 11, 1927, and died on July 21, 1927. So the controversy revolves around the alleged lack of testamentary capacity of Mrs. Conklin to make the will that she admittedly did actually sign on July 16, 1927, just five days before her death, but at a time when her physical senses were admittedly impaired by approaching mortality brought on by paralysis. That at the time the will was prepared, testatrix was partially stupefied in her mental faculties and was unable to use connected and intelligible words to express the thoughts that it is shown were by other means indicated through incomplete verbal utterances accompanied by signs made through nods of the head and indications with the hands, is a conclusion drawn from the testimony as a whole.

So the question to be decided by this Court on this appeal is whether or not, giving full credit to the testimony of the subscribing witnesses to the questioned document, it can be said on this record, after two adverse findings on the facts by the courts below, that the legal effect of the evidence as a whole was and is to establish that the required mentioned condition of the testatrix was so wholly absent,

that testatrix was not at the time the will was signed by her, mentally competent to originate the conception of the challenged will, nor then possessed of sufficient physical ability to dictate the disposition by it made of her estate, or to communicate with reference thereto her intentions to the attorney who acted as the disinterested draftsman of the will, as the law requires.

Testamentary capacity is not conditioned on sound health. A sick person may make a will that will be valid, even in his last illness, or when in a dying condition. And unless the surrounding circumstances are such as to show that not only was the testator afflicted with an impairment of his senses, such as would ordinarily be occasioned by diseases such as fever, paralysis, epilepsy, apoplexy, consumption, Bright's disease, diabetes, cancer, brain diseases, etc., or by reason of great suffering or delirium, but is, by reason of the effect of disease on his mind, also unable to comprehend and understand the nature of the undertaking in which he is engaged when he attempts to make his will, it cannot be said as a matter of law that testamentary capacity is shown to be so lacking as to render a will made during one affliction and last illness, invalid for want of sufficient testamentary capacity.

If the testamentary requisites are found, the will may be valid, although executed by one of great age, whose mind is enfeebled, whose body is debilitated, whose memory is failing or whose judgment is vacillating, especially where the will appears to have been fairly made, is not an unnatural one and apparently was made under conditions not inconsistent with the inference that it emanated from a free mind. Ziegler v. Brown, 111 Fla. 421, 150 Sou. Rep. 608.

The present case is in many respects like that of Ziegler v. Brown, just cited. In that case we held that a will executed by one who had been stricken with paralysis, so as

to render her unable to do more than indicate her wishes to an attorney who prepared the will according to her directions, when approved by the probate judge and the Circuit Court after a full and fair trial on conflicting evidence, would not be disturbed by this Court on appeal, it appearing that the resultant will was not an unnatural one for testatrix to have conceived and executed under the circumstances, in view of her relationship to the beneficiary.

In Newman v. Smith, 77 Fla. 667, 82 Sou. Rep. 236, it was held that in order to constitute a sound, disposing mind, a testator must not only be able to understand that he by his will is giving his property to the designated object of his regard, but he must have sufficient capacity to comprehend perfectly the condition of his property, his relations to the persons who were, or should, or might have been, objects of his bounty, and the scope and bearing of his will, accompanied by sufficient active memory to collect in his mind, without prompting, the particulars or elements of the business to be transacted, and to hold them in his mind a sufficient length of time to perceive at least their obvious relation to each other, and to be able to form some rational judgment in relation to them. In that litigation opposite conclusions were reached by the Probate Judge and the Circuit Judge on the same state of the evidence. On appeal, the findings of the Probate Judge were sustained and the will involved in that case was invalidated.

In the present controversy both the Probate Court and the Circuit Court, sitting as a court of appeal, have reached the conclusion on the evidence as a whole, that the will executed July 16, 1927, during the last illness of Mrs. Conklin, was a valid will. Opposed to the concurring opinions expressed by the judges below, the contention is made on appeal to this Court, that both the lower courts misap-

prehended the legal effect of the evidence, and that therefore their conclusions should not be allowed to stand.

Giving full credit to the testimony of the witnesses who testified in support of the validity of the last made will, particularly the testimony of the witness, J. C. Durrance, an attorney who was wholly disinterested and who was called in the night time to perform for testatrix a draftsman service that the testatrix herself had voluntarily asked for prior to the summoning of the attorney, it has not been made to appear that the conclusions reached on the facts by the two judges who considered the case below, are clearly wrong.

The most that can be said about the present controversy is that the state of evidence as a whole is such that the decisions of the lower court on the facts are within the rule, often followed by this Court, to the effect that conclusions of the trial courts on controverted facts will be allowed to stand on an appeal to the Supreme Court, in those cases where it cannot be said that such conclusions are clearly wrong, or that the judges in reaching them misapprehended the legal effect of the evidence, or that the judges applied an erroneous rule of law in weighing the evidence in order to arrive at their conclusions respecting it. See Thomas v. Thompson (another will case) decided at the present term, and authorities cited therein.

Affirmed.

Davis, C. J., and Ellis, Terrell, Brown and Buford, J. J., concur.

Whitfield, J., dissents.