*In Re:* Estate Emil Mach, *Deceased.*

159 So. 519.

Division B.

Opinion Filed February 12, 1935.

Petition for Rehearing Denied March 11, 1935.

*Johnston & Rogers* and *George P. Garrett,* for Appellant;

*Hugh Akerman* and *Allison E. Palmer,* for Appellees.

BUFORD, J.—The appeal here is from an order of the Circuit Court which reversed in part and affirms in part the order of the County Judge of Osceola County acting as Judge of Probate, in which County Judge denied a motion to strike filed by the Executors, which motion was addressed to parts of an original petition for the revocation of the probate of a will, and which motion had been allowed to stand over as if addressed to the amended petition, and which ·order overruled the demurrer of the Executors to the amended petition.

The order appealed from and now before us for review is as follows:

"Ernest Mach exhibited his amended petition in the County Judge's Court for Osceola County to revoke the probate of the will of Emil Mach, deceased.

"Probate of the will was had in statutory form. There was no caveat, or any contest.

"Four grounds for revocation were attempted to be alleged in the petition: (a) That the will was not witnessed;

(b) That the testator was not of sound mind; (c) That at the time of execution, the testator was practically unconscious from pain and narcotics; (d) That the execution was obtained by undue influence.

"A demurrer was interposed to the whole petition, and a motion made to strike the several grounds. The executors took interlocutory appeal to this Court and assigned as errors the order of the County Judge overruling the demurrer, and the order denying the motion. Counsel for respective parties appeared and argued the cause.

"There is some substance in the amended petition, and the Probate Court's action in overruling the demurrer was proper.

"It appears from the record that the will was witnessed by two persons. Their proofs were taken before the County Judge. The probate of a will in the manner now before the Court is a solemn declaration of its validity and an adjudication of its status binding upon the world until reversed or set aside. The allegations of sub-paragraph (a) of paragraph 4 constitute a mere conclusion, and without any facts to overcome the presumption in favor of the will and the order admitting to probate. *Barksdale v. Davis* (*Ala.*) 22 *So.* 17; *Barry v. Walker* (*Fla.*) 137 *Sou.* 711. It should have been stricken out.

"In sub-paragraph (b) of Paragraph 4 it is alleged that at the time the will was signed 'Emil Mach was not of sound mind.' This is taken to be an allegation of insanity to the extent that the testator did not then and there possess testamentary capacity; nothing less would suffice. It is a sufficient allegation and the motion to strike it out was properly denied.

"The substance of sub-paragraph (c) of Paragraph 4 is that the testator, by reason of pain and narcotics, was prac-

tically 'unconscious and incapable of understanding the nature of the instrument at the time he signed. The statements made in this paragraph are sufficient and the County Judge properly so held.

"Sub-paragraph (d) of Paragraph 4 fails sufficiently to allege facts showing, a cause of undue and improper influence. It should have been stricken out.

"Emil Mach left no widow and no children. He could, and presumptively did, leave his property to whom he chose. The phrase 'undue and improper influence' as used in this case, is in law another term for fraud. It may take the form of threats and coercion, or of misrepresentations known to be false and intended to be relied upon. There is here present no element of mistake as such.

"To warrant sustaining under attack a petition for the revocation of a will probated in due form, where fraud is relied upon, it must be pleaded with great particularity as for the rescission of any other solemn instrument. It does not appear from the record that Ernest Mach was disinherited by the will; he received apparently valuable property under it. But Emil Mach was the arbiter of that, since the property was his to dispense. The terms of this will are not a badge of fraud.

"There is no direct allegation of any facts which can be said to constitute fraud in law, and that portion of the paragraph which seeks to set up undue influence is the bare legal conclusion and opinion of the pleader.

"The use of narcotics by a testator, and the sufferings of pain, may serve to heighten his credulity or to reduce his resistance to improper influence, or both, but 'one may be a physical wreck and may suffer from Bright's disease, the use of narcotic, drugs or insomnia, and still have testamentary capacity.' *Eernstrom v. Taylor* (*Fla.*) 137 *So.*

711. The order denying the motion to strike is affirmed in part, and reversed in part, with directions to have proceedings consistent with the views here expressed."

It appears to us that the findings of the Circuit Judge must be affirmed in part and reversed in part.

Section 4 of the amended petition was in the following language:

"Your Petitioner would show that the said instrument was in truth and in fact not the genuine Will of the said Emil Mach nor did the same express the purpose or intention of the said Emil Mach in respect to the disposition of his property, for the following reasons:

"(a) That said purported Will was not attested and subscribed in the presence of the Testator, Emil Mach, by two or more witnesses as provided by law.

"(b) That at the time of the purported signing and execution of said instrument the said Emil Mach was not of sound mind.

"(c) That while the said instrument was signed by the said Emil Mach he was at the time of the execution thereof very ill, was laboring under great pain, was under the influence of opiates and anodynes, and was suffering to such an extent that he was practically unconscious and was not capable of making a testamentary disposition of his property or of understanding the nature of the instrument which he signed.

"(d) That it was at all times prior to the execution of the said instrument, and at the time of the execution thereof, the purpose and intention of the said Emil Mach, deceased, to make a testamentary disposition of his property whereby your petitioner, his brother should receive one-half interest in all of the estate of the said Emil Mach, and that the said Otto Mach, your petitioner's brother, should receive the re-

maining one-half, and the execution of the said instrument admitted to probate was secured under and by undue and improper influence exercised·upon the mind of the said Emil Mach, deceased, while he was in his last illness, contrary to the expressed intentions of the said Emil Mach, and while he was under the influence of opiates and anodynes, and suffering to such an extent that he was not possessed of sufficient mental vigor to withstand such improper and undue influence. The undue and improper influence exercised upon the mind of Emil Mach, deceased, as aforesaid at the time that he executed said Will was then and there exercised by Mary Selina Mosgrove, who was his·housekeeper and to whom he was not related. The said influence so exercised was exercised in her own behalf in order that she might secure from the said Emil Mach, while he was in a state of mind which prevented him from exercising his mental faculties, a purported Will which would bequeath and devise to her a large share of the estate and property of the said Emil Mach. The said housekeeper lived in the same house with the said Emil Mach, and had for several years, and had kept his house for him, and was the daily associate of the said Emil Mach, and interested herself in his concerns and business; and at the time that she exercised said undue influence on him was tending him as he lay sick and helpless in bed. Her services were well paid for in any event, without any bequest or devise of any kind from Emil Mach; and the said Emil Mach did not owe her any consideration in disposing of his estate, or bear any relation to her which entitled her to claim any of his property on his death."

It will be observed that the Circuit Judge construed subparagraphs (a), (b), (c) and (d) of paragraph 4 holding that paragraphs (b) and (c) constituted sufficient allegations of pleading, while paragraphs (a) and (d) were in-

sufficient. It is not necessary to again quote sub-paragraph (a). It is sufficient to say that the allegations therein contained are not sufficient to put the Respondents on notice as to what infirmity is claimed as to the attestation by the purported subscribing witnesses. The allegation would have been stronger if it had merely said that "said purported will was not attested and subscribed in the presence of the testator, Emil Mach, by two or more witnesses" because there would have been an expressed and complete denial of the attestation in the presence of the testator, but when added to this phrase were the words "as provided by law" the allegation was so qualified as to make it a conclusion of the pleader which presented no definite issue of fact. The pleader might contend that under the law it is necessary for the signature of the testator and those of the witnesses to be subscribed in a certain order in point of time although all subscribing was a part of the execution of the will, and that a subscribing to the will in any other manner would not be as provided by law. Or he might contend that a certain formula would be required by way of requests and answers between the testator and the subscribing witnesses and that any subscribing without adhering to this formula was not as provided by law.

The allegations of the pleadings should present facts upon which an issue may be joined, not only that the respondent may know what contention he is to meet, but that the court may determine, upon proper pleadings, whether or not the facts relied upon are sufficient to have the result contended for.

In the case of Barry v. Walker, 103 Fla. 533, 137 Sou. 711 the allegations of the petition under consideration met the rule here stated.

There is alleged that the purported attestation and sub-

scription by the witnesses whose names appeared thereon were not done by them, or either of them, in the presence of the said decedent and that said decedent did not publish and declare the said instrument as and for his last will and testament in the presence of the persons whose names were signed to the purported will as witnesses thereto; nor did the decedent request the witnesses to sign the paper as her will.

We think, however, that error was committed in reversing the County Judge on his finding, that sub-paragraph (d) contained sufficient allegations. This paragraph, it will be observed, charged that the execution of the will was procured by the undue influence of Mary Selina Mosgrove exercised upon the mind of the testator; that it was so exercised during the last illness of the testator and at the time the purported will was signed; that it was possible to exercise such undue influence because the testator was under the influence of "opiates and anodynes and suffering to such extent that he was not possessed of sufficient mental vigor to withstand such improper and undue influence"; and that Mary Selina Mosgrove was the housekeeper living in the house with the testator, serving him and waiting on him during his last illness, and that she, though not related to testator, became a beneficiary under the purported will to the extent of a large share in testator's estate.

In the case of Newman v. Smith, 77 Fla. 633, 82 Sou. 236, we find quoted allegations of a petition of this character which are to all intents and purposes like those here under consideration, and while the sufficiency of those allegations were not, so far as is shown by the record here, contested by demurrer, this Court considered the allegations and proof submitted thereunder without adverse criticism of such allegations.

We think the allegations are sufficient as a pleading in this regard and should be answered.

Of course, we do not mean to hold that proof only of the fact that the testator was to some extent under the influence of opiates and anodynes and was suffering physical pain and that Mary Selina Mosgrove was his housekeeper and served him and waited on him during his last illness and, though not related to him, became a beneficiary under the purported will to the extent of a large share of his estate, would be sufficient to establish proof of undue influence. Undue influence will not be presumed from these facts alone, but the paragraph of the petition above referred to alleges that undue influence was exercised by Mary Selina Mosgrove on the mind of the testator to procure his execution of the purported will and the proof of the exercise of that influence for the purpose and with the result alleged must be shown sufficiently to overcome the presumption that the will did express the voluntary intent of the testator.

If the testator was of sufficiently sound mind to retain testamentary capacity, he had a perfect right to demonstrate his appreciation of the services of Mary Selina Mosgrove by bequeathing to her any part of his property which he may have seen fit to dispose of in that manner.

Cross assignments of error were filed, which we have considered, but we find no reversible error presented thereby.

For the reasons stated, the order appealed from will be reversed in part and affirmed in part and the cause remanded for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

Reversed in part and affirmed in part.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.