Robinson Myers v. Rosa Pleasant, as Executrix of the last will and testament of Lucy Myers Purketh, deceased.

160 So. 204.

Division B.

Opinion Filed March 13, 1935.

Rehearing Denied April 4, 1935.

*W. D. Bell* and *Mabry A. Carlton,* for Appellant;

*Clifford T. Inglis* and *Fuller Warren,* for Appellee.

Buford, J.—On the 26th day of March, 1931, Rosa Pleasant presented for probate in the County Judge's Court of Duval County an instrument purporting to be the last will and testament of Lucy Myers Purketh, deceased.

On the same day one Robinson Myers, a brother of deceased, filed caveat and on the 3rd day of April, 1931, filed his petition to contest the probate of the alleged will upon the ground that the deceased did not possess testamentary capacity at the time of the execution of the will and that the will was executed under the undue influence exerted upon the deceased by Rosa Pleasant. Rosa Pleasant filed answer. Issues were tried before the County Judge, who, on final hearing, denied probate of the purported will.

Appeal was taken to the Circuit Court and on October 10th, 1933, Honorable George Couper Gibbs, Judge of the

Circuit Court of Duval County, entered an order reversing the judgment of the County Judge's Court. Thereupon, appeal is brought before this Court for review.

The Circuit Judge reviewed the pleadings and the evidence with apparent thoroughness and wrote a lengthy opinion, a large part of which, however, was taken up with a history of the case. He has reviewed in his opinion the applicable cases reported from this Court and also cases from many other jurisdictions.

In the case of Bronson v. Bronson, 113 Fla. 617, 152 So. 60, we said:

"A careful review of the evidence does not make it appear that the circuit judge was clearly wrong in his findings on the facts. Nor can it be said that the circuit judge, in reversing the probate court, misapprehended the legal effect of the evidence. The presumption is that the judgment of the circuit court as the court of first appeal is correct, and that presumption not having been overthrown by a demonstration of error in this Court, the circuit court's judgment must be allowed to stand."

By indulging the presumption above mentioned we would arrive at the conclusion that the judgment of the Circuit Court should be affirmed.

Aside from this, however, we find from our study of the record that the facts of this case are not materially different from those which existed in the case of Smith v. Clements, 114 Fla. 614, 154 Sou. 520, and that case was, as stated in the opinion, in many respects like that of Ziegler v. Brown, 112 Fla. 421, 150 Sou. 608. In both of those cases the probate of the will was allowed.

The burden was on the contestant to overcome by preponderance of the evidence the *prima facie* of the will made by the subscribing witnesses and to prove that the testatrix

was mentally incapable of making a will when it was executed. Farnstrom, *et al.,* v. Taylor, 107 Fla. 490, 145 Sou. 208. See also Hamilton v. Morgan, 93 Fla. 311, 112 Sou. 80.

We do not think a delineation of the evidence would serve any useful purpose. It is sufficient to say that applying the evidence to the legal principles enunciated in the cases above referred to and authorities therein cited, the judgment of the Circuit Court should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.