ANNA K. HENSON, as Executrix of the Last Will and Testament of Charles A. Denniston, Deceased, v. A. LOUISE DENNISTON, Single, and RUTH ELLIOTT DENNISTON, Single.

169 So. 624.

Division A.

Opinion Filed July 18, 1936.

Rehearing Denied September 9, 1936.

*Gardiner & Gardiner* and *W. J. Gardiner,* for Appellant; *Ray Selden,* for Appellees.

BROWN, J.—The appellees, A. Louise Denniston and Ruth Elliott Denniston, nieces of the deceased testator, Charles A. Denniston, filed a petition in the County Judge's Court of Volusia County, Florida, contesting the probate of the purported last will and testament of the said Charles A. Denniston.

· The petition, in substance, alleged that the appellees were the sole living heirs of the deceased, Charles A. Denniston; that at the time of making the purported will the said Charles A. Denniston was of unsound mind; lacking the mental capacity to make a will, and that the will offered for probate was not his free act as contemplated by law, by reason of undue influence exercised over the testator by one Anna K. Henson, the appellant executrix and chief beneficiary under the will. The petition further contained certain allegations with reference to the decedent's excessive use of intoxicating liquors, and an infatuation for the said Anna K. Henson.

The executrix, contestee, interposed a demurrer to the petition, which said demurrer was sustained by the County Judge. Whereupon, the contestants filed their amended petition, to which the executrix interposed a motion to strike certain portions thereof and also a demurrer, which two pleadings came on to be heard before the County Judge, who made an order overruling the demurrer and sustaining in part the motion to strike, by striking two short portions of said amended petition. The above two rulings were assigned as error in an appeal to the Circuit Court of Volusia County, Florida, and were the only questions considered by the said tribunal.

The answer of the appellant denied the allegations of undue influence, unsound mind, lack of testamentary capacity and habitual drunkenness, and avers that the tes-

tator was sober and of sound mind and body at the time of making and executing the said will, and that the petitioners had lost favor with the decedent because of their institution of a partition suit against him, without notice, that if the appellees were eliminated as beneficiaries it was the result of their disloyalty to the said Charles A. Denniston, testator.

After hearing the testimony the County Judge's Court issued an order stating: "* * * the Court being of the opinion that the petitioners have failed to substantiate and prove the allegations of their petition, and that no testimony has been introduced to show that Charles A. Denniston was of unsound mind or mentally incompetent to make a Last Will and Testament or that any undue influence was exercised over him by Anna K. Henson, or that he was otherwise incompetent to make a Last Will and Testament on the 21st day of June, A. D. 1932, the date of the signing and execution of the proffered Will of Charles A. Denniston, deceased.

"It Is Thereupon Ordered, Adjudged and Decreed by this Court that papers writing proffered in evidence by the Respondent as Respondent's Exhibit No. 1 for the purpose of identification, and which paper writing was signed by Charles A. Denniston in the presence of three witnesses, be filed by this Court in evidence.

"It Is Further Ordered, Adjudged and Decreed That * * * the said paper writing is hereby admitted to probate as the Last Will and Testament of Charles A. Denniston, deceased * * *."

On appeal to the Circuit Court, the order of the Probate Court was reversed, the Court saying: "* * * it is his (Court's) opinion that the Probate Judge erred in granting so drastic a motion as a motion to strike, and that he should

have sustained the demurrer and denied the motion to strike, with leave to the petitioners to further amend their petition in this respect."

The allegations of the amended petition afforded a sufficient basis to authorize the petitioners to introduce any competent and relevant evidence that would have tended to show any undue influence of Anna K. Henson over or upon the mind of the testator. See *in re* Mack's Estate, 118 Fla., 421, 159 So. 519. The court admitted all evidence that had any tendency in that direction which was offered by the petitioners. If indeed the order of the Probate Court allowing said motion to strike two certain short and apparently immaterial portions of the amended petition was erroneous, which we do not concede, the evidence offered by the petitioners does not indicate that this ruling was in any way harmful to their cause or embarrassed them in the fair trial thereof. Nor did they ask leave to further amend their petition after said order was made.

On a review of the testimony and evidence as set forth in the transcript of record, it appears that the greater part of the petitioner's testimony had to do with the drinking of intoxicating liquors by Charles A. Denniston, occasionally to excess, but falling far short of establishing that he was an habitual drinker to the extent alleged in the petition, or that such drinking had resulted in making him a man of unsound mind. No testimony was introduced to show that the decedent was intoxicated at the making or at the time of the execution of the proffered last will and testament, and all three subscribing witnesses, who were disinterested and intelligent, testify that he was entirely sober at the execution thereof. No testimony was introduced that would even in the slightest degree indicate that Denniston was of unsound mind *at any time,* nor was there

any evidence or testimony introduced which would have authorized the trial court to find that Anna K. Henson exercised undue influence over the decedent.

Ruth E. Denniston, one of the appellees, testified that she and her sister, A. Louise Denniston, were in need of money and had decided to sell their interest in one certain piece of property which was owned jointly with the decedent; that they offered the decedent the disposal thereof, but that he was opposed to the sale, and would not buy it himself, saying that he was not financially able to do so; further, that upon his refusal to buy their half interest, they instituted a partition suit against him without notifying him in advance of their intention, and that finally a settlement was arranged wherein he finally did buy their interest in the said property. She further testified that decedent drank intoxicating liquors, "just as the occasion arose"; that she had never seen him so intoxicated that he could not attend to his business. Her testimony falls far short of making him an habitual heavy drinker. Indeed, she testified that she considered him of sound mind. She was in Daytona Beach in 1932, but did not talk to the decedent while there, although besides her sister, he was apparently her only living relative. The witness further testified that she did not attend either Charles A. Denniston's nor his wife's funeral.

A. Louise Denniston, appellee, substantiated the testimony of her sister, above, and testified further that she had not spoken to the decedent since 1922. Her testimony seems to indicate an attitude of indifference toward her elderly uncle for a number of years before his death.

To set aside a will, more must be shown than the mere fact that the testator frequently drank intoxicants to the point of intoxication, and was infatuated with the principal

beneficiary: In this connection see Fernstrom v. Taylor, 107 Fla. 490, 145 So. 208; Applehans v. Jurgenson, 336 Ill. 427, 168 N. E. 327. In Gardiner v. Goertner, 110 Fla. 377, 149 So. 186, this Court said:

"If testator was of 'sound mind' in the sense that the term is used in the statute, he had the power to dispose of his property by will, and, unless it should clearly appear that he was induced to execute the will by fraud, undue. influence, or other unlawful means, it should be upheld."

And further on in the same case, we said:

"Mere opportunity to exercise influence over a testator does not, even in connection with an unjust will, warrant the presumption of undue influence, in the absence of affirmative evidence of its exercise, where the testator's mind is unimpaired and he understood the contents of his will."

The evidence as a whole falls far short of sustaining the allegations of the petition. It does, however, sustain the averments of the answer. The evidence tends strongly to show that the disposition of the testator's property was the direct result of his resentment toward his nieces for bringing the partition suit and forcing him to buy their interest in the said property at a time when he was financially unable to do so without great hardship.

Ruth Elliott Denniston, the testator's favorite niece, was, in fact, made a beneficiary in his will despite the above mentioned disagreement. The will itself, in the absence of evidence to the contrary, shows that the testator was of sound mind and that he comprehended his property and his relationship to those he wished to remember. Further, the petitioners, being nieces of the testator, do not stand in the same relationship to the decedent as if they had been children of the decedent. Nieces have not the claim upon nor could they expect to be remembered by an uncle the same

as they would expect to be remembered by a father. See Hamilton v. Morgan, 93 Fla. 311, 112 So. 80.

We have considered the cross assignments of error interposed by appellees, one of which attacks the decree of the County Judge's Court admitting the will to probate, but our conclusion is that none of such assignments is well founded. As above intimated, the said order probating the will was amply sustained by the evidence. It follows that the decree of the Circuit Court here appealed from, reversing the order of the County Judge's Court, must be reversed, with directions to enter a judgment of affirmance instead.

Reversed with directions.

WHITFIELD, C. J., and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.