Roland E. Thomas, Clarence Russell Teaford, Charles J. Teaford, Otto D. Teaford, Virgil Teaford and Davis Corcoran, v. Herbert W. Eakins, as Executor of the Last Will and Testament of Walter Z. Long, and Individually.

194 So. 249
Division B
Opinion Filed February 20, 1940

*Kurtz, Reed, Sappenfield & Cooper, Marion E. Sibley* and *W. D. Jobe,* for Apellants;

*George C. Simpson* and *Hudson & Cason,* for Appellee.

Chapman, J.—This case is here on appeal from an order dated June 8, 1939, entered by the Circuit Court of Dade County, Florida, affirming an appeal from an order of the County Judge's Court of said county denying a petition for the revocation of probate of the last will and testament of Walter Z. Long. The will is dated January 23, 1937, and a codicil thereto is dated May 11, 1937. The testator died in June, 1937, when 82 or 83 years of age, and his wife died in March, 1937. No children were born to this marriage.

The last will and testament of Walter Z. Long gave his entire estate to his wife, and provided further that in the

event the testator should survive his said wife, all the rest, residue, and remainder of his estate should go to his nephew, Herbert W. Eakins, who was named as executor.

The appellants here filed in the County Judge's Court of Dade County, Florida, their petition for revocation of probate, alleging the mental incapacity of the testator for making the will and undue influence practiced on the testator on the part of the nephew, Herbert W. Eakins, or some member or members of his family. An answer was filed and considerable testimony offered by the respective parties, when the county judge entered an order denying the petition for revocation. An appeal was taken from said order to the Circuit Court of Dade County and said order appealed from was there affirmed.

The questions to be decided by this Court are whether or not the evidence adduced on the part of the appellants is sufficient to show that the testator, Walter Z. Long, had sufficient testamentary capacity when the will was made and whether or not the evidence shows undue influence on the part of favored relatives. The law of the case appears to be settled by the decisions of this Court. See Newman v. Smith, 77 Fla. 633, 82 So. 236.

The evidence offered on the part of the relatives on the essential questions here involved fails to give much light. We have studied the record carefully to find the evidence which would sustain this Court in reversing the order appealed from. The testimony of Reverend Cook, a Baptist minister, who lived in the same apartment with the testator and attended him and his wife on many occasions, as a spiritual adviser, expressed the view that the testator's mind was sound except as to senility and when coming in frequent contact with him failed to observe anything but a strong attachment for his favorite nephew. John W. W.

Mitchell testified he had known testator for some time and had the view that his mind was sound except as to senility. The nurse, Mrs. Ida L. Shinkaney, who saw the testator during the time his wife was sick from January to March, 1937, expressed the opinion that his mind was sound except as to senility and that undue influence was not exerted on the part of the favored relative.

The attending physician, Dr. Alexander, and the attorney drafting the will, testified as to the condition of the testator's mind when the will was drawn and the favored nephew was in his office when the same was being prepared. We think the weight of the testimony sustains the decree appealed from and we fail to find reversible error in the record.

The order appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

THOMAS, J., concurs in opinion and judgment.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.