DREW, Justice.
Vanda S. Kiggins died July 26, 1951. Her will, dated May 18, 1951, devised her estate as follows: $3,500 to her husband, Raymond F. Kiggins, certain specific items of personal property to her niece; Harriett Peterson, Mrs. Richard A. Peterson and Myrtle Kirch. The residue she devised equally to Mrs. Peterson and Myrtle Kirch and named Mrs. Harriett Peterson’s husband, Ray Ames Peterson, an attorney; as Executor.
The will was offered for probate and Mr. Peterson was appointed as Executor, whereupon Mr. Kiggins (the husband) filed his petition for revocation, alleging that the will was procured by undue influence of Mr. and Mrs. Peterson and Myrtle Kirch and that Mrs. Kiggins lacked testamentary capacity. After testimony was taken on the issues the County Judge entered his order “that said written instrument was not the last Will and Testament of the said Vanda S. Kiggins, deceased;” but failed to state in his order whether he reached the conclusion because of undue influence or lack of testamentary capacity.
On appeal to the Circuit Court by the executor the learned Circuit Judge rendered a very thorough and exhaustive opinion in which he found, inter alia, “ * * * the appellee [Kiggins] does not contend that the will should be set aside solely on the ground that the testatrix lacked testamentary capacity because of unsound mind, but it is the position of the appellee that Vanda S. Kiggins was of such a weakened *917 mental and physical condition due to the ravages of the disease of cancer, and the constant use of narcotic drags, and her age, that she was thus unduly influenced and coerced into making the will here involved through the machinations of Ray Ames Peterson, Harriett A. Peterson and Myrtle Kirch. Thus it was the issue of undue influence that was presented and argued to this Court on appeal(Emphasis supplied).
After making extensive findings of fact, the Circuit Judge concluded “ * * * that the substantial competent evidence [on the record] does not support the conclusion of the Probate Judge that the will was invalid as to Harriett Peterson and Mrs. Richard A. Peterson, but that he did misinterpret the legal effect of the evidence as a whole where it concerned the testamentary dispositions to the respective Pe-tersons.” because he failed to give effect to the provisions of Section 731.08, Florida Statutes 1951, F.S.A., which provides:
“Effect of fraud, duress, mistake or undue influence. A will is void if the execution thereof is procured by fraud, duress, mistake, menace or undue influence. Likewise, any part of a will is void if so procured, but the remainder of the will not so procured shall be valid if the same is not invalid for other reasons.”
Thus, the Circuit Judge upheld the Probate Judge insofar as Myrtle Kirch was concerned but overruled him in all other respects. From this latter order an appeal was prosecuted to this Court only by Raymond F. Kiggins, the husband. Myrtle Kirch never prosecuted an appeal and therefore the order by the Probate Judge, affirmed by the Circuit Judge, has become final as to her.
At the very outset we are confronted with a very special and difficult problem because the Probate Judge (the trier of facts) failed to specify in his order revoking the probate of the will, whether he did so because he found from the evidence the testatrix lacked testamentary-capacity or because he found from the evidence the will had been procured by undue influence and, if the latter were the fact, by whom. This is an important point because it is the clear duty of the appellate courts to give effect to the findings made by the trier of facts if there is “substantial competent evidence” upon which his findings rest and if he did not misinterpret the legal effect thereof. In re Eberhardt’s Estate, Fla., 1952, 60 So.2d 271, and the cases therein cited. If the Probate Judge founded his order upon a finding that the testatrix lacked testamentary capacity, the order of the Circuit Judge appealed here has not disposed of that point, except inferentially by our assuming that in the appeal the point was abandoned, a proposition which is denied at the bar of this Court and in appellant’s brief. Thus, here we have a classic example of an involved situation that could have well been avoided had the Probate Judge made appropriate findings of fact.
We have carefully considered the evidence that was before the Circuit Judge. In it we find nothing whatever to support the contention of appellant that the testatrix lacked testamentary capacity. As a matter of fact, appellant’s own witnesses convince us that the opposite was true. Even the appellant’s testimony was only to the effect that “her mind [testatrix’] deteriorated to the extent that she did not remember much of anything.” (Emphasis supplied). Another witness for appellant testified “she was peculiar” but “she knew what she was doing.” Another testified that testatrix was of Russian descent and “never had been entirely normal from the time I knew her.” Yet another said “she talked pretty normal to me,” on July 5th before she died July 26th.
Appellee produced witnesses to the will and others who testified that while testatrix was physically very weak, she was entirely normal mentally. The most qualified witness of all,' the attending doctor, who administered to her, testified she was mentally sound and knew what was going on at all times until his last visit just before her *918 death, some two months after the will was executed.
Having determined that there was no credible evidence whatever to support the charge of lack of testamentary capacity on the part of Mrs. Kiggins, we conclude that the Probate Judge based his holding on undue influence. This conclusion is strengthened by the fact that at the hearing before the learned Circuit Judge, the argument pin pointed the undue influence charge. Therefore, we hold that the parties abandoned the question of lack of testamentary capacity before the Circuit Judge and that point is not before us, not having been ruled on by him. Moreover, if we are wrong in this conclusion, his failure to consider that question is harmless error because the record is wholly devoid of any evidence to sustain the charge. The burden of overthrowing a will on the ground of lack of testamentary capacity is a heavy one and must be sustained by a preponderance of the evidence. Myers v. Pleasant, 118 Fla. 715, 160 So. 204, wherein the contestant did not meet his burden to prove by preponderance of the evidence the invalidity of the will and lack of mental incapacity of testatrix, and therefore we affirmed the Circuit Court’s reversal of an order denying probate. See In re Carnegie’s Estate, 153 Fla. 7, 13 So.2d 299; In re Alkire’s Estate, 142 Fla. 862, 198 So. 475; Id., 144 Fla. 606, 198 So. 475; Thomas v. Eakins, 141 Fla. 802, 194 So. 249; Hamilton v. Morgan, 93 Fla. 311, 112 So. 80.
We now turn to the question of undue influence.
Because of the paucity of legal evidence on the question of lack of testamentary capacity on the part of testatrix we must presume that the Probate Judge based his order on the proof of undue influence. The proof, even of this, is weak and to us rather unconvincing. Nevertheless, the Probate Judge had before him “substantial and! competent” evidence on which he could rest his findings as to undue influence on the part of Mrs. Kirch. Neither the Circuit Court (as recognized by it) nor this Court has the right to upset that finding. But as-to the Petersons, we agree with the Circuit Judge that there is no evidence whatever in the record to show that they or either of them at any time were guilty of any misconduct toward the deceased. There is not even a scintilla of credible evidence nor a presumption that could be logically drawn from any of the evidence that they unduly influenced Mrs. Kiggins to include them in her will. We, therefore, conclude that the disposition of the case by the Circuit Judge below was eminently sound as to' this appellant and it is hereby
Affirmed.
ROBERTS, C. J., and THOMAS and BARNS, JJ., concur