HENDRY, Judge
(dissenting).
I respectfully dissent from the holding of the majority.
The sole question presented by this appeal is: Whether the signing of a will by the testatrix with an “X” was sufficient to satisfy the statutory requirements of § 731.07, Fla.Stat., F.S.A. which provides:
“Execution of Wills. Every will, other than a nuncupative will, must be in writing and must be executed as follows:
“(1) The testator must sign his will at the end thereof, or some other person in his presence and by his direction must subscribe the name of the testator thereto.”
The county judge was of the view that the signing of a will with an “X” does not satisfy the above statutory requirement, and accordingly revoked the probate of the will in this case. The proponents of the will have appealed this ruling.
Although there are no Florida cases directly on point, there is a case which requires our attention. In Zeigler v. Brown, 112 Fla. 421, 150 So. 608 (1933) the testatrix was physically incapable of executing her will so her minister, at her direction, signed her name whereupon she made “her mark or touched the pen as this [signing] was *467 done.” The court affirmed the admission to, probate of this will. The Zeigler case does not resolve our problem because the testatrix both made her mark and directed someone to sign, her name. Therefore, under the statute, she would not have had to make her mark for the will to have been properly executed.[1]
In the case of In re Lomineck, supra, the second district specifically said that if a testatrix had directed her signature to be subscribed for her as provided by the second portion of § 731.07(1) Fla.Stat, F.S.A. then her act of making her mark would be completely superfluous. We are presented with the question of whether the converse is true, i.e., the making of her mark without having someone at her direction subscribe her name 'to the will.
First let us examine the statute dealing with the execution of wills. Subsection (1) of § 731.07 provides alternative methods for executing a will; (1) By personally signing; or (2) Some third party signing for and in the place of the testator. Described in other terms, the statute provides that the testator may act himself or through an agent The statute is permitting the testator a choice, and one method is not exclusive of the other. In other words, a testator may wear a belt and suspenders, he may use both methods of execution, if he desires, without affecting the validity of the execution. He may sign himself and direct someone to sign for him. We make this statement in order to point out the flexibility of the statute.
It would therefore be apparent that if a mark is permissible for the valid execution of a will, the authority for it must be found, if at all, in the first portion of § 731.07(1) which says: “The testator must sign his will at the end thereof * * The resolution of this proposition turns upon the definition of the word “sign”.
The word “sign” is defined:
“To affix a signature to; to ratify or attest by hand or seal; to subscribe in one’s own handwriting. To write (a signature); as, to sign one’s name.” [2]
It would therefore seem appropriate to consider the act of signing as the personal non-delegable writing of one’s signature. Insofar as what may satisfy as a signature, there seems to be no judicial limit.[3]
Black defines a signature to be:
“The act of putting down a man’s name at the end of an instrument to attest its validity, the name thus written. A ‘signature’ may be written by hand, printed, stamped, typewritten, engraved, photographed, or cut from one instrument and attached to another, and a signature lithographed on an instrument by a party is sufficient for the purpose of signing it; it being immaterial with what kind of instrument a signature is made. [Citations omitted] And whatever mark, symbol, or device one may choose to employ as representative of himself is sufficient. [Citation omitted[4]]”
Many of the authorities[5] which we have examined seem to agree that the testator may use any device to satisfy the requirement of a signature so long as he intends for it to be his signature. It may be an “X” or any other character or representation, and satisfy as a signature so long as the testator intends for this mark to evidence his act of authenticating the document. The purpose *468 of a signature is not to test the person’s ability to write, but to evidence his intention to bind himself to whatever legal significance the particular document he is signing, represents.
The statute requires a signing, but it does not specify what manner or combination of writings will constitute a signing. To say that the statute evidences an intent not to permit signing by mark because it provides for the testator’s signature to be written at his direction by some other person is too restrictive. We think the fairer interpretation of this section would be that the second portion of § 731.07(1) was included for persons who are physically incapable of putting pen to paper.
Finally, it is argued, that to permit signing wills by an “X” would only increase the possibility of fraud and forgery because the testator will then become more difficult to identify. This argument begs the question. No matter what manner of signature is used to authenticate the will, it is still necessary for two witnesses to sign the will.[6] In other words, two people are going to commit perjury in order that a fraud be committed. It does not seem illogical that two people with such an intent will have any more qualms about saying that a forged name is the testator’s than a forged “X”. The statutory protection against fraud and forgery in the execution of wills is not in the signature of the will, but in the requirement that this signature be witnessed.
It is true as appellees contend that there is no right to devise property by will, that this is a privilege granted by the legislature, and as such these statutes should be strictly construed, but they should not be construed in the face of all logic and reason to reach a result neither intended nor contemplated by the legislature, which result would defeat the purpose of the statute.
It is my view that a signature, for purposes of satisfying the requirement of § 731.07(1) may be by mark, figure, or other self drawn character which the testator intends to be his signature.
Accordingly, I would reverse the orders appealed.

. Accord. In re Lomineck’s Estate, Fla.App.1963, 155 So.2d 561.

. Webster’s New International Dictionary, p. 2334 (2d Ed. 1960).

. Atkinson, Wills § 64 (2d Ed. 1953).

. Black’s Law Dictionary, p. 1553 (4th Ed. 1951).

. 57 Am.Jur., Wills, §§ 243-262 ; 94 C.J.S. WiUs §§ 169-175; Note, 13 Ala.L.Rev. 271 (1960); Note 3, supra; Scott v. Hawks, 107 Iowa 723, 77 N.W. 467 (1898); Cunningham v. Hallyburton, 342 Ill. 442, 174 N.E. 550 (1930).

. § 731.07(2), Fla.Stat., F.S.A.