McCAIN, Judge.
On June 10, 1966, petitioner, Edna Nichols, filed her third amended petition for revocation of probate of the last will and testament of Lillian P. Barfield, alleging that the will was procured through undue influence by Juanita Tallent. This appeal is from an order of the trial court dismissing that petition, after finding that it contained only conclusory allegations. We reverse.
In capsule form the petition sets forth the following allegations: (1) Juanita Tallent procured the drafting and execution of the will; (2) Juanita Tallent is the sole beneficiary under the will; (3) Juanita Tallent lived next door to decedent, spent considerable time in decedent’s home, was her attorney in fact and handled numerous transactions for decedent; (4) Juanita Tallent stood in a fiduciary relationship to decedent at the time the will was executed; (5) Juanita Tallent exerted undue influence on decedent; (6) the will was procured by such undue influence; (7) the execution of the will was concealed from other interested parties by Juanita Tallent.
We believe that when taken together these allegations are sufficient as a pleading thereby entitling petitioner to her day in court. In re Burton’s Estate, Fla.1950, 45 So.2d 873; In re Mach’s Estate, 1935, 118 Fla. 421, 159 So. 519. But see Zinnser v. Gregory, Fla. 1955, 77 So.2d 611.
Reversed and remanded for further proceedings consistent herewith.
OWEN, J., and GOODING, MARION W., Associate Judge, concur.