## CITY AND COUNTY OF SAN FRANCISCO & Another v. SCOTT.

IN ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

Submitted January 18th, 1884.—Decided May 5th, 1884.

*Jurisdiction.*

The decision of the State Courts of California upon the question whether an alcalde in San Francisco after the conquest and before the incorporation of San Francisco, and before the adoption of a State Constitution by California, could make a valid grant of pueblo lands presents no federal question, and is not reviewable here.

The facts are stated by the court in its opinion.

*Mr. William Craig*, *Mr. Harry I. Thornton*, and *Mr. J. H. Meredith* for plaintiffs in error.

*Mr. Sidney V. Smith Jr.* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

There is no federal question in this case. The right of San Francisco under the treaty of Guadalupe Hidalgo to the lands in dispute as pueblo lands is not denied. Precisely what that right was may not be easy to state. Mr. Justice Field, speaking for the court, said, in *Townsend* v. *Greely*, 5 Wall. 336, " It was not an indefeasible estate ; ownership of the lands in the pueblos could not in strictness be affirmed. It amounted in

truth to little more than a restricted and qualified right to alienate portions of the land to its inhabitants for building or cultivation, and to use the remainder for commons, for pasture lands, or as a source of revenue, or for other purposes. This right of disposition and use was, in all particulars, subject to the control of the government of the country." This definition was accepted as substantially accurate in *Grisar* v. *McDowell*, 6 Wall. 363, 372, and *Palmer* v. *Low*, 98 U. S. 1, 16.

The act of July 1, 1864, c. 194, sec. 5, 13 Stat. 333, simply released to the city all the right and title of the United States in the lands, *Hoadley* v. *San Francisco*, 94 U. S. 4, 5, and thus perfected the incomplete Mexican title for the uses and purposes specified. *Palmer* v. *Low*, *supra*. Its effect was to surrender all future control of the United States over the disposition and use of the property by the city.

The only controversy in this case is as to the effect of the alcalde grant of the pueblo title; and the precise question submitted to the Supreme Court of the State for determination was, " whether, after the conquest . . . and before the incorporation of the city of San Francisco, and before the adoption of the constitution of the State of California, a person exercising the functions of an alcalde of the pueblo of San Francisco . . . could make a valid grant of pueblo lands, as such officers had been before such conquest accustomed to do," and, if so, what would be the effect of such a grant? This does not depend on any legislation of Congress, or on the terms of the treaty, but on the effect of the conquest upon the powers of local government in the pueblo under the Mexican laws. That is a question of general public law, as to which the decisions of the State Court are not reviewable here. This has been many times decided. *Delmas* v. *Insurance Company*, 14 Wall. 661; *Tarver* v. *Keach*, 15 Wall. 67; *New York Life Insurance Company* v. *Hendren*, 92 U. S. 286; *Dugger* v. *Bocock*, 104 U. S. 596; *Allen* v. *McVeigh*, 107 U. S. 433.

It follows that we have no jurisdiction, and the writ of error is

*Dismissed.*