Mr. Justice Hagner
delivered the opinion of the Court:
Five specific reasons are assigned by the attorney of the District, in support of the motion, two of which we will notice:
1. It is insisted that certiorari is not the proper form of remedy to be invoked by the petitioners.
We are of the opinion that this objection cannot be sustained. In Ewing vs. St. Louis, 73 U. S.; 5 Wall., 413, a bill in equity was filed to enjoin the collection of an assessment
*154 made by the city for benefits adjudged against the plaintiff from the opening of a street through his property. The Supreme Court held that equity could not grant relief in such a case. Referring to the charges of the bill the Court says: “ Of these grounds the principal are that the proceedings were taken without notice to the complainant, or any appearance by him; that the notice provided by law was not published as required; that no provision was made for compensation for the property taken; th at no power to render the j udgments was vested in the mayor by any act of the legislature, or could be vested in him by the city authorities by any clause of the city charter; and that the statutes under which the proceedings purported to have been taken were repealed before the proceedings were' completed. These grounds are by the demurrer admitted to be true; and, being true, no reason exists upon which to justify the interposition of a court of equity.
“If the statutes and ordinances under which the mayor undertook to act did not invest him with any authority to render the judgments against the complainant, the judgments were void, and could not cast a cloud upon his title, or impair any remedies at law provided for the protection of his property or the redress of trespass to it.
“On the other hand, if the statutes and ordinances invested the mayor with authority, when new streets in the city were to be opened, to render judgments for the amount of benefits assessed against the owners of adjoining property, and in this instance he failed to follow their provisions, or exceeded the jurisdiction they conferred,' the remedy of the complainant was by certiorari at law, and not by bill in equity.
. “With the proceedings and determination of inferior boards or tribunals of special jurisdiction, courts of equity will not interfere, unless it shall become necessary, to prevent a multiplicity of suits or irreparable injury, or unless the proceeding sought to be annulled or corrected is valid upon *155 its face, and the alleged invalidity consists in matters to be established by extrinsic evidence. In other cases, the review and correction of the proceedings must be obtained by the writ of certiorari. This is the general and well established doctrine. Examples in which this is asserted are found in Mayor etc. of Brooklyn vs. Meserole, 26 Wend., 132, and in Heywood vs. Buffalo, 14 N. Y., 534, and in cases there cited.”
The decision in Gaither vs. Watkins, 66 Md., 577, cited on behalf of the District, recognizes this doctrine. The precedents in this jurisdiction referred to by the counsel of the petitioners abundantly show the exercise of the power of review by our courts of the proceedings of inferior tribunals, in cases like the present; and we adhere to that practice.
2. It is insisted, however, that if the writ of certiorari can be resorted to in such cases as these, yet as that writ is granted only in the sound legal discretion of the courts and cannot be demanded as matter of right — that the courts should not award it in the cases like the present, where the petitioners have been guilty of culpable laches in making their application.
There is no doubt of the correctness of the first proposition. It is distinctly affirmed in Ex parte Hitz, 111 U. S., 768, and in 66 Md., 577, and Cooley on Taxation, 530.
But the cases cited do not show that the petitioners here have been guilty of laches in such wise as to induce the Court to refuse them an opportunity of urging their objections to the assessments complained of. The petitioners all declare that the proceedings were conducted throughout without any notice to them, as was exacted by the statute; and although the assessments are claimed to have been made many years ago, yet no certificates were issued until many years subsequently; and no attempt was made to enforce the collection of the certificates until a still more recent period.
If the courts of law are to apply in these proceedings at *156 law the equitable defense of laches peculiarly belonging to courts of equity, they should also apply the reasons out of which the doctrine arises. Nothing appears, thus far, in these proceedings to show that the petitioners by culpable silence have inflicted injury upon others, or occasioned public or private inconvenience; or that others, thus lulled into hurtful security, have acquired rights which will now be impaired by sustaining tardy objections to these assessments. They were under no such positive obligation to speak before they were attacked by an attempt to disturb their possession, as would enable us to ascribe to them such neglect as should disentitle them to receive a hearing from the Court. According to their allegation, they complained as soon as they were assailed. Even if they had known of the assessments, that knowledge would not necessarily apprise them that the attempt would be made to collect the certificates subsequently issued. As to the effect of any culpable delay on their part, if such should be shown, we cannot now undertake to decide, although it might, perhaps, be fitly considered hereafter, in the further progress of the cases.
The other reasons assigned in support of the motions to quash would more properly be examined in the future. The two we have been considering appear to be the only objections properly examinable on this motion.

The motions to quash are overruled, and the cases are remanded to the Circuit Court and the respondent ordered to malee, without delay, the returns in each case.