## GILES *v.* LITTLE.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 1384. Argued March 17, 1890. — Decided April 7, 1890.

The disregard by the highest court of a State of an opinion of this court in another case, in which no judgment has been entered, gives this court no jurisdiction on error.

The refusal of the highest court of a State, in a suit to quiet title, to give effect to a judgment of the Circuit Court of the United States against the present plaintiff and in favor of a grantee of the present defendant, gives this court no jurisdiction on error.

THIS was a petition to quiet title, filed January 27, 1882, in the district court for Lancaster County in the State of Nebraska, by Little and more than seventy others against Giles, Burr and Wheeler, and the children of Jacob Dawson.

The petition alleged that Jacob Dawson on June 15, 1869, being seized of certain described real estate in that county, made his last will as follows:

"After all my lawful debts are paid and discharged, the residue of my real and personal property I bequeath and dispose of as follows, to wit: To my beloved wife, Edith J. Dawson, I give and bequeath all my real estate and personal of which I may die seized, the same to remain and to be hers, with full power, right and authority to dispose of same as to her shall seem meet and proper, so long as she remains my widow, upon the express condition that if she shall marry again then it is my will that all of the estate here bequeathed, or whatever may remain, shall go to my surviving children, share and share alike; and in case any of my children shall have deceased, leaving issue, then the issue so left shall receive the share to which said child would be entitled. I likewise constitute and appoint my said wife, Edith J., to be executrix of my last will and testament."

The petition further alleged that Jacob Dawson died a week afterwards, and his will was duly admitted to probate, and letters testamentary were issued to Mrs. Dawson; that in order to pay his debts and maintain herself and children, and to make advances to the oldest son, she was obliged to sell a large portion of the real estate, and accordingly, under the power conferred on her by the will, executed warranty deeds thereof, under which the plaintiffs severally became seized of certain lots described; that on November 15, 1879, she married again; that the defendants conspired together to cloud the plaintiffs' title and to extort money from them, and, in pursuance of the conspiracy, procured deeds of the whole land to be executed by Dawson's children to Burr and Wheeler, and by them to Giles, a citizen of Iowa, for nominal considerations, and to enable suits to be brought in the courts of the United States; and pretended that Mrs. Dawson took by the will an estate for life only, terminable by her marriage; and commenced vexatious suits, and threatened to commence others, against the plaintiffs.

The petition prayed for an injunction, a cancelling of the deeds to Burr and Wheeler and to Giles, a decree quieting the plaintiffs' title and establishing it against all the defendants, and for further relief.

Burr and Wheeler and some of Dawson's children disclaimed all interest in the property; the other children and Giles filed an answer, denying the allegations of the petition, and alleging that the title had vested in Giles; and Giles filed a petition for the removal of the case into the Circuit Court of the United States, upon the ground that he was a citizen of Iowa and the plaintiffs citizens of Nebraska and other States, and that the controversies between him and each of the plaintiffs were severable.

The case was thereupon removed into the Circuit Court of the United States; and that court denied a motion to remand it to the state court, and, afterwards, upon a hearing on pleadings and proofs, entered a decree for the defendants. On appeal to this court that decree was reversed, and the case ordered to be remanded to the state court, upon the ground

that the controversies between Giles and the plaintiffs were not severable, and that the deed to Giles was collusively made for the purpose of giving jurisdiction to the courts of the United States. 118 U. S. 596. On February 28, 1887, pursuant to the mandate of this court, the Circuit Court ordered the case to be remanded to the state court.

The defendants then, by leave of that court, filed an amended and supplemental answer, alleging, among other things, the following:

First. A decision of this court on appeal in an action brought in the Circuit Court of the United States by Giles against Little, holding that by the terms of the will Mrs. Dawson took only an estate for life, determinable upon her marriage, and no power to convey any greater estate than she had herself.

Second. Judgments recovered in the Circuit Court of the United States on July 3, 1887, against some of these plaintiffs in actions of ejectment brought January 5, 1887, against them by one Miles, to whom Giles in December, 1886, had executed a warranty deed of some of the lots.

A general replication was filed, and a trial was had before the court without a jury, at which, among other things, the defendants put in evidence records of the judgments recovered by Miles against some of these plaintiffs in the Circuit Court of the United States; and also a record of the proceedings in the action brought in that court by Giles against Little, by which that action appeared to have been an action of ejectment brought August 23, 1880, for the lot now claimed by Little, in which the Circuit Court sustained a demurrer to the petition and rendered judgment for the defendant, according to the opinion of the Circuit Judge, reported in 2 McCrary, 371; its judgment was reversed by this court on writ of error on December 12, 1881, and the case remanded for further proceedings; and after further proceedings the petition, on December 9, 1885, was dismissed, on motion of Giles, without prejudice to a subsequent action.

The report of that case in this court in 104 U. S. 291, was also offered in evidence by the defendants at the trial of the present case, and excluded.

The state court held that by the will of Jacob Dawson Mrs. Dawson took a title in fee simple so long as she should remain his widow, with full power to sell and convey the same in fee during widowhood; and entered judgment for the plaintiffs in accordance with the prayer of their petition. That judgment was affirmed by the Supreme Court of Nebraska. 25 Nebraska, 313.

The defendants sued out this writ of error, and assigned for error that the state courts did not give full faith and credit to the judgments recovered by Miles against some of the plaintiffs in the Circuit Court, and disregarded the decision of this court in 104 U. S. 291.

*Mr. J. M. Woolworth* (with whom was *Mr. D. C. Burr* on the brief) for plaintiffs in error.

*Mr. T. M. Marquett* (with whom were *Mr. N. S. Harwood* and *Mr. John H. Ames* on the brief) for defendants in error.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

The real question in controversy between the parties is of the extent of the estate and power which Mrs. Dawson took under the will of her husband. In *Giles* v. *Little*, 104 U. S. 291, this court held that she took only an estate for life, determinable by her marrying again, and no power to convey a greater estate than she had herself. In the case at bar, the Supreme Court of Nebraska, declining to follow that decision, and basing its judgment largely upon the statutes of the State, held that she took an estate in fee determinable upon her marriage, with power during her widowhood at her discretion to convey in fee any part of the land, and that the devise over in case of her marrying again passed to the children only what remained unconveyed. *Little* v. *Giles*, 25 Nebraska, 313.

The question of the true construction of the will in this respect depends wholly upon general rules of law and upon the local statutes, and in no degree upon the Constitution, laws or treaties of the United States; and the disregard by the

state court of the opinion of this court upon the question in a former suit does not give this court jurisdiction to review the judgment of the state court in this case. *Leather Manufacturers' Bank* v. *Cooper,* 120 U. S. 778; *San Francisco* v. *Scott,* 111 U. S. 768; *San Francisco* v. *Itsell,* 133 U. S. 65.

If the state court had refused to give due effect to a final judgment of any court of the United States in a case between the same parties, a federal question would have been presented, which might have been brought to this court for review. *Dupasseur* v. *Rochereau,* 21 Wall. 130; *Crescent City Co.* v. *Butchers' Union Co.,* 120 U. S. 141. But this record presents no such state of things.

The case of *Giles* v. *Little,* 104 U. S. 291, was indeed between one of the present defendants and one of the present plaintiffs, and concerned the title to a lot of land now claimed by the latter; but the judgment of this court only reversed a judgment of the Circuit Court of the United States sustaining a demurrer to the petition, and remanded the case to that court for further proceedings, and (as appears by the record given in evidence at the trial of the case at bar) the petition was afterwards, and before final judgment, dismissed on the motion of the plaintiff, without prejudice to a new action; so that nothing was finally adjudged in that case, even as between the parties to it. *Bucher* v. *Cheshire Railroad,* 125 U. S. 555, 578, 579.

The ground most relied on in favor of a reversal of the judgment of the state court is its refusal to give effect to the judgments obtained in the Circuit Court of the United States against some of the present plaintiffs by Miles, a grantee of the present defendants. It is argued that the judgments in favor of Miles conclusively showed that some of these plaintiffs had no title, and that, as all these plaintiffs claimed under one title in the present suit, the judgment below in their favor must be reversed as to all of them.

As the present defendants did not claim under Miles, and were not parties to his suits, it is difficult to see how judgments in those suits could have any effect as evidence for or against them, by way of estoppel or otherwise.

But it is certain that they neither had nor claimed any interest in the title acquired by Miles under those judgments. It is well settled that, in order to give this court jurisdiction to review a judgment of a state court against a title or right set up or claimed under a statute of, or an authority exercised under, the United States, that title or right must be one of the plaintiff in error, and not of a third person only. *Owings* v. *Norwood,* 5 Cranch, 344; *Montgomery* v. *Hernandez,* 12 Wheat. 129, 132; *Henderson* v. *Tennessee,* 10 How. 311; *Hale* v. *Gaines,* 22 How. 144, 160; *Long* v. *Converse,* 91 U. S. 105. The title set up by the defendants being that of a third person, in which they have no interest, the writ of error is

*Dismissed for want of jurisdiction.*