**W. E. WATKINS, as Tax Collector, and JAMES P. COOK, as Tax Assessor of the City of Hollywood, v. RIVERSIDE MILITARY ACADEMY.**

23 So. (2nd) 386                      June Term, 1945
September 28, 1945                      Division B

*T. D. Ellis, Jr.,* for appellants.
*Ella Jo Stollberg,* for appellee.

THOMAS, J.:

This litigation first made its appearance here upon an appeal from the chancellor's order dismissing appellee's bill of complaint. We reversed the ruling and remanded the cause for further proceedings consistent with the views we expressed. Riverside Military Academy, Inc., v. Watkins et al., (Fla.) 19 So. 2nd 870. When the cause again reached the chancery court an answer was filed, and subsequently arguments were heard on the motion to strike parts of it. The motion was granted because, so the chancellor thought, the allegations under attack regardless of their "appropriateness in an answer to an ordinary bill of complaint . . . [were] in conflict with the controlling findings of fact made by the Supreme Court [in the cited case]." The matter was finally heard on the bill of complaint, which we analyzed in the former opinion, and such

of the answer as remained after the motion was granted. The chancellor then held the view that the lone question, i. e., taxability of appellee's property, had been decided on the appeal and that no other defense was available, hence but one decree, in favor of plaintiff, could be entered.

Actually the appellants have presented but two questions now to be determined. The first raises the point whether this court adjudicated the facts of the cause when the propriety of the order dismissing the bill of complaint was decided. Doubtless the query was prompted by the observation, in the order granting the motion to strike parts of the answer, that averments of this answer conflicted with "controlling findings of fact" made by us. It is not entirely clear just what the learned chancellor meant by this specific language because he is familiar with the principle that facts alleged in a pleading under attack are assumed true only for the purpose of judging its merits. When we reversed the case before we held that the bill contained equity or, to state it otherwise, that the plaintiff should be awarded a decree if it eventually proved what it asserted. Whether the chancellor inadvertently used the word "facts" for the word "law" or meant to refer to the fact we had assumed in the process of testing the sufficiency of the bill we are not sure, but we have, irrespective of this comment, examined the parts of the pleadings stricken in order to determine whether, despite this comment, he erred in deleting certain features of the defense. It is the affirmative statements which appear relevant to the question under consideration. The denials will be remarked upon when we reach the second and remaining question.

Our investigation has not disclosed any error which we consider of such magnitude as to warrant a reversal of the decree. The principal affirmative allegation which had a bearing on the point in controversy referred to a purported lease agreement between appellee and the United States of America, bearing the date 5 August 1942 and containing the provision, stressed in the answer, that in the event "the State of Florida, the County of Broward, or the City of Hollywood should succeed—through the courts—in levying taxes against the property, the government [would] pay such taxes." This

feature may be dismissed with the observation that the instrument was never executed by the lessee. The quoted portion does, however, indicate the attitude of the lessor, appellee, that no taxes would be paid unless ordered by some court and in that event the burden would fall on the United States of America and not affect the amount appellee would receive for the use of the property. We still entertain the view expressed in our former opinion that taxes were "not contemplated in the issues or the determination of the jury of the amount to be paid by the plaintiff to the defendant [in the condemnation suit of the United States of America v. Certain Lands in Hollywood, Broward County, Florida, Riverside Military Academy, et al.]" where, in the judgment, it was ordered that "the full estate for years of said property is vested in the United States of America from May 27, 1942 through and including June 30, 1944 . . . ," a period including in its span both the date of the purported lease, 5 August 1942, and the date appellants contend the property became taxable, 1 January 1943.

Our comparison of the pleading as a whole with the bill of complaint and our scrutiny of the portions eliminated have served only to emphasize the simple but all-important question, of law, whether the school property, concededly exempt from 1931, became nonexempt 1 January 1943 because not devoted to educational purposes, a condition resulting from pre-emption by the United States Navy in furtherance of the war effort. Further study of the problem has but made us more convinced of the soundness of the first opinion. Though, in a technical sense, we only assumed the facts alleged to be true, it is not patent from the answer that defendants offered anything to change the essential circumstances of the ownership and use of the property bearing on its exemption or non exemption from taxation.

We think appellants' other point, too, lacks merit. They challenge the correctness of the chancellor's finally entertaining the cause on bill and answer, even though the latter contained some denials. It is true that in the state of the record advantage could have been taken of this procedure, but the remark of the chancellor in his decree, coupled with the com-

ment of the appellants in their brief, dispels any idea of reversing on this account.

By way of introduction the decree bears the statement: "This cause came on to be heard, having been set down by the Plaintiff [appellee] for Final Decree on Bill and Answer which was duly argued by counsel for the respective parties, *no question was raised by the Defendants* [appellants] *as to the procedure followed . . . ,*" while in the brief appears: "Appellants state here that they *did not raise this question* [hearing on bill and answer where there remained in the answer categorical denials], or rather *they did not insist upon it in the trial court,* and so *the Lower Court Chancellor states in the Final decree no question was raised by the Defendants as to the procedure followed . . .*" (Italics supplied.)

In view of the language in these quotations there is no occasion to repeat the rule dealing with hearings on bill and answer where matters averred in one are denied in the other, for we think there was clearly a waiver of any objection to the procedure followed in the instant case. Acquiescence in the hearing, despite the denials, also indicates to us that in the final analysis the point to be disposed of was one purely of law and that there was no genuine dispute about the basic facts.

Affirmed.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.