97 So.2d 312 (1957)
James E. MARSH, Appellant,
v.
SARASOTA COUNTY et al., Appellees.
No. 6.
District Court of Appeal of Florida. Second District.
September 18, 1957.
Rehearing Denied October 29, 1957.
Early & Early, Sarasota, for appellant.
Wood & Bailey, Sarasota, for appellees.
*313 DAYTON, Associate Judge.
The 1945 session of the Florida Legislature enacted Chapter 22860, Laws of Florida (Section 253.351, Florida Statutes 1955, F.S.A.) authorizing qualified veterans to homestead not more than forty acres of public land and authorizing any county of Florida to "open up any wild and vacant lands owned by the county for homestead purposes" by resolution of the Board of County Commissioners.
The Board of County Commissioners of Sarasota County adopted a resolution on September 29, 1947, which had the effect of opening up county-owned land for homestead purposes. On March 7, 1949, the Board of County Commissioners of Sarasota County adopted a resolution to the effect that all acreage owned by the County be set aside for county purposes and be withheld from public sale. On August 1, 1955, the Board adopted a resolution instructing the County Clerk not to sell any county-owned lands without specific instructions from the Board of County Commissioners. On August 22, 1955, appellant presented his application for homestead to the County Clerk who declined to accept it. On September 12, 1955, appellant presented another application which was received by the Clerk and, upon instruction by the Board of County Commissioners, transmitted to the Trustees of the Internal Improvement Fund at Tallahassee, together with copies of various resolutions of the Board of County Commissioners setting forth the position of the County Commissioners in the matter. The application was confirmed by the Trustees of the Internal Improvement Fund on September 20, 1955.
Appellant filed his original bill of complaint on October 20, 1955, against Sarasota County, et al., to enjoin the sale of the land which he sought to homestead, but the land was sold by the County to the highest bidders on October 21, 1955. The bill of complaint was then dismissed but an amended complaint naming the purchasers as defendants was sustained. Pursuant to notice the matter was set down for final hearing on the amended complaint and answer, and at such hearing the chancellor dismissed the complaint upon his finding that the land in question was not available for homesteading at the time appellant presented his application. The chancellor indicated that he was proceeding upon "Defendants' motion for summary judgment", although the record does not disclose a formal motion for summary judgment or summary final decree. The procedure at the final hearing was that the defendant county offered two witnesses and documentary evidence of resolutions of the Board of County Commissioners, following which the Plaintiff made a proffer of the evidence which he proposed to introduce. The chancellor ruled that the proffer was "not sufficient to counteract the testimony of the defendants in this case" and entered a final decree in favor of the County, from which this appeal is taken.
We are, therefore, concerned with the determination of two questions: (1) Was the entry of the final decree at that time in the trial and pursuant to the notice given proper under the 1954 Rules of Procedure?, and (2) Was the resolution of the Board of County Commissioners of March 7, 1949, effective to withdraw county-owned lands from availability for homestead purposes?
Concerning the first question, we make the observation that objections to procedural matters not raised in the lower court cannot be raised on appeal, and a party who fails to make timely objection to what he considers procedural irregularities at the time of trial will be deemed to have waived the same by acquiescence. Watkins v. Riverside Military Academy, 156 Fla. 398, 23 So.2d 386.
It clearly appears from the record in this cause that the appellant made no objection in the court below to what he now contends were procedural irregularities, and it further appears that the appellant *314 acquiesced in the procedure had by requesting and receiving assurances that the chancellor would give proper consideration to his amended complaint and his proffer of evidence. We find no impropriety in the entry of a judgment by the chancellor at any time in the proceeding when it clearly appears that upon all questions of fact before him the court may give judgment as a matter of law. Hillsborough County v. Sutton, 150 Fla. 601, 8 So.2d 401; Manning v. Clark, Fla., 71 So.2d 508; Anderson v. Maddox, Fla., 65 So.2d 299.
The court below found that as a matter of law the land was not available for homesteading by veterans after March 7, 1949, by virtue of the aforesaid resolution of the Board of County Commissioners on that date, and that such land was not available when appellant filed his first application.
Appellant contends that the county, having "opened up" the public lands for homestead purposes, was without authority to close such lands for homestead for the reason that such power was not granted by the veterans' homestead act aforesaid, and is not necessarily implied therefrom. It is our view that the power to close such lands to homestead is a necessarily implied power vested in the Board of County Commissioners. The operation of other statutes which govern the Board of County Commissioners in the disposition and management of county-owned lands of necessity requires that there be such authority; otherwise the force of such statutes could not be construed "in harmony with the whole course of legislation" governing the actions of the Board of County Commissioners in the disposition of county-owned lands. City of St. Petersburg v. Pinellas County Power Co., 87 Fla. 315, 100 So. 509.
We agree with the finding of the learned chancellor that the lands in question were not available for homestead by veterans at the time of appellant's original application. The final decree, therefore, is affirmed.
KANNER, C.J., and PLEUS, J., concur.