## In re TRUE'S WILL.
### No. 73995.

County Judges' Court, Dade County.

March 26, 1968.

Arnold, Hart & Burch, Jacksonville, for the contestants.

Brigham and Brigham, Miami, for the executor and the proponents.

W. F. BLANTON, County Judge.

*Order dismissing petitions to revoke probate of will:* On September 13th and 21st, 1967, the petitioners, Jane D. Lewis and Elizabeth Weir, and Edward Owen, Milton Owen, Esther Cook and Jane Chalmers, respectively, filed their petitions (hereinafter referred to as the Weir and Owen petitions) to revoke the probate of the will of David O. True, deceased, dated December 28, 1966, which will was admitted to probate by order of this court on the 21st day of February, 1967.

The allegations of both petitions are substantially the same, with petitioners alleging themselves to be "collateral heirs" of the deceased, and praying for the revocation of the order of this court admitting said will to probate. The grounds urged for revoking the probate of the will are alleged to be —

1. The said will of the decedent was procured by reason of undue influence;

2. That the alleged will is not, in fact, his last will and testament but the will of the agent of the principal and residuary beneficiary of the alleged will;

3. That the decedent was not of sound and disposing mind and memory at the time of the execution of the alleged last will and testament of the decedent;

4. That the deceased was not mentally competent at the time of the alleged making of the last will and testament.

Charles Hackney, as successor-executor, the original executor having died, and two legatees named in the will, Marjory Stoneman Douglas and Florida Bible College, a non-profit corporation organized under the laws of Florida (hereinafter referred to as the proponents), served the petitioners on February 15, 1968 with their answers, each of which contained identical affirmative defenses challenging the standing of the petitioners to maintain their petitions, on the ground that they had no interest in the estate of David O. True, in this language —

*Additional Defense No. 1:*

That, in his lifetime, the deceased, DAVID O. TRUE, on October 12, 1966, duly signed, sealed, published and declared, in the presence of two subscribing witnesses, as required by law, as and for his Last Will and Testament, that certain Will and Testament entitled "LAST WILL AND TESTAMENT OF DAVID O. TRUE", a true copy of which is attached hereto as Exhibit "A", and by reference made a part hereof;

That, in his lifetime, the deceased, DAVID O. TRUE, on April 2, 1958, duly signed, sealed, published and declared, in the presence of three subscribing witnesses, as required by law, as and for his Last Will and Testament, that certain Will and Testament entitled "LAST WILL AND TESTAMENT OF DAVID O. TRUE", a true copy of which is attached hereto as Exhibit "B", and by reference made a part hereof;

That none of the Petitioners [naming them] are mentioned in either of said Wills, and they are not legatees or devisees, nor otherwise beneficially interested therein;

That none of the Petitioners [naming them] are mentioned in the Last Will and Testament of DAVID O. TRUE, deceased, duly admitted to probate in the above cause, either as legatees, devisees or otherwise;

That, by virtue of the premises, Petitioners [naming them] are without standing under the law to maintain their Petition for revocation of the Last Will and Testament of DAVID O. TRUE, now on probate in the above cause.

On the same day as the service of their answers, the proponents, under the order of this court of February 15, 1968, deposited the originals of the two wills mentioned in the affirmative defenses of their answers with the clerk of this court, and no caveats have been filed by petitioners to either of the previous wills of April 2, 1958 and October 12, 1966.

On the 16th day of February, 1968, the proponents served their motion for summary judgment on the petitioners, to which they attached as exhibits photostatic copies of the previous wills, and also the affidavits of subscribing witnesses to each of the wills, in the required form to prove the same. The motion for summary judgment averred, as had the affirmative defenses in the answers, that none of the petitioners were named in either of the previous wills, and that they had no interest in the estate of David O. True, deceased, and that there was no genuine issue with respect to this material fact.

The proponents served their motion to dismiss the Weir and Owen petitions, respectively on February 12th and 20th, 1968, and served notice for hearing the same on March 11, 1968, simultaneously with their motion for summary judgment. Among the grounds in the motions to dismiss were two grounds which raised substantially the same question as that presented in the motion for summary judgment, in the following language —

(c) Said Petitioners have no legal interest or right sufficient to give them standing at law before this Court to revoke the Last Will and Testament of DAVID O. TRUE now on probate in this cause. It is clear that if the Petitioners should succeed in revoking the Probate of the Last Will and Testament of DAVID O. TRUE in their proceedings here, that the earlier Wills still exclude them from having any legal interest in the Estate of DAVID O. TRUE, true copies of which earlier Wills are attached to the Amendment to Answer, of February 14, 1968, as Exhibits "A" and "B", and by reference made a part of this Motion;

* * *

(e) It is apparent from the previous Wills now on deposit with this Court of the decedent, DAVID O. TRUE, that the Petitioners have no sufficient standing to invoke the jurisdiction of this Court to revoke the Probate of DAVID O. TRUE'S Last Will and Testament.

On the 11th day of March, 1968, pursuant to notice served on the 16th day of February, 1968, the cause came on for hearing upon the motions to dismiss and for summary judgment, without objection by the petitioners, and the cause was submitted on the merits.

At the hearing before the court on March 11, 1968, the proponents introduced in evidence without objection the originals of the previous wills of April 2, 1958 and October 12, 1966, and with leave of court and petitioners' consent photostatic copies of the

same, attached to the motion for summary judgment and the answers, were allowed to stand in lieu of the originals, which were returned to the custody of the clerk. The proponents also, without objection, offered identical affidavits by the same subscribing witnesses to the wills, which had been sworn to before the clerk of this court, which the court also received in evidence and considered, without objection by the petitioners. The petitioners offered no affidavits or other evidence at the hearing, but contended that the previous wills could never become effective, and that the testator would be deemed to have died intestate, if their petitions were granted to revoke the probate of the will of December 28, 1966, because of the operations of §731.15, Florida Statutes, reading —

> The revocation of a will expressly revoking a former will shall not revive the former will, even though such former will is in existence at the date of the revocation of the subsequent will.

The petitioners contended at length that if they were successful in having the court set aside the will on probate, on either the ground of lack of testamentary capacity or undue influence, they would inherit as next of kin, because provisions of §731.15 would prevent a revival of either of the previous wills, and hence their interest in the estate as heirs, and their right to maintain their petitions, should be judged, because of the operation of §731.15, as if the previous wills did not exist. In support of this contention, the petitioners cited In re Blankenship's Estate, (Fla. 1960) 122 So.2d 466; In re Pratt's Estate, (Fla. 1956) 88 So.2d 499; Murphy v. Murphy, (1936) 125 Fla. 855, 170 So. 856; In re Barret's Estate, (Fla. 1949) 40 So.2d 125 and In re Lubbe's Estate, (Fla. App. 2nd Dist. 1962) 142 So.2d 130. Although the courts in each of these cases, except *Murphy*, considered wills other than those on probate in reaching their conclusion (which to this extent is apropos here), still none of them involved the right of an heir to contest a will on probate where previous wills, uncontested by him, have entirely excluded him from participation in the estate.

Both P.G.R. 5.160(a) and §732.30(1), Florida Statutes, require the petitioners to have an interest in the estate in order to maintain their petitions to revoke the will on probate, and such is the general law.

In Meyer v. Meyer's Executor, (1857) 7 Fla. 293, the Supreme Court laid down the rule in the following language —

> A fatal objection to the case of these contestants arises at the very threshold, from the want of interest on their part. The only persons competent to contest this will, are the heirs of the realty or distributees entitled to the personalty. Unless there is such interest, no one has a right to complain of injury from the probate.

In 57 Am.Jur., *Wills* §798, page 541, the general rule is stated as follows —

> Under statutes which permit the contest of wills by persons interested or claiming to be interested in the decedent's estate, the general rule is that a contestant must have some pecuniary or beneficial interest in the estate of the decedent that is detrimentally affected by the will. Although the right to maintain a will contest does not depend upon the extent or proportion of the contestant's share in the decedent's estate, or the amount of the detriment suffered by the contestant, it does depend upon the fact that the contestant may be deprived by the will of some interest of pecuniary value, worth, advantage, or use in the estate.

It is obvious that petitioners' interest in the estate is dependent upon the intestacy of David O. True's estate. So long as the wills of April 2, 1958 and October 12, 1966 are outstanding, which petitioners have not attacked, nor indicated their intention to do so by caveat, the court is not at liberty to ignore these wills, where, as here, they have on preliminary hearing, after due notice, been admitted in evidence without objection, and prima facie established as valid by the oaths of their subscribing witnesses. See Fernstrom v. Taylor, (1933) 107 Fla. 490, 145 So. 208.

The contention of the petitioners, in reliance upon §731.15, as stated in their brief, that "if this court revokes the probated will for testamentary incapacity, undue influence or any cause, the estate will pass to the heirs at law as if decedent died intestate", ignores the realities of the situation presented here.

If the probate of the present will is revoked because of undue influence, it is void. See §§731.08 and 731.09, Florida Statutes. If set aside for lack of testamentary capacity, the entire will on probate, as prayed for in the petitions here, will be invalid. As said in 57 Am.Jur., *Wills* §87, page 96 —

> Generally speaking, testamentary incapacity invalidates the entire will. One portion of it cannot be rejected for want of sufficient testamentary capacity, while another portion, written at the same time, and no more plainly expressed, is adopted as the testator's last will.

Consequently, the efficacy of the clause revoking all previous wills would fall with the will, if it were set aside, and the next previous will would come up for probate unhampered by the provisions of §731.15. As the Supreme Court said in In re Barret's Estate, supra, at page 127 —

> There is nothing inconsistent in one and the same petition seeking to revoke the probate of the second will and at the same time asking for probate of the first will. The second will by its terms revokes all other wills, but if it is shown to have been induced by fraud, undue influence or overreaching, then the first will comes up for probate.

The question of whether or not petitioners have an interest in the estate of David O. True, in light of the preceding wills, is one which goes to the jurisdiction of the court to entertain their petitions, for it is a general rule of universal application, that a court is without jurisdiction to permit the maintenance of an action by one who is without interest in its subject matter. See Tyler v. Judges of the Court of Registration, 179 U.S. 405, 45 L.Ed. 252, 21 S.Ct. 206; Owings v. Norwood, 5 Cranch, 344, 3 L.Ed. 120; Henderson v. Tennessee, 10 How. 311, 13 L.Ed. 434; and Giles v. Little, 134 U.S. 645, 33 L.Ed. 1062, 10 S.Ct. 623. In 17 *Standard Encyclopaedia of Procedure,* page 647, it is stated —

> To constitute jurisdiction there are three essentials, first, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the *proper parties,* must be present; and third, the point decided must be, in substance and effect, within the issue, . . .

Courts have inherent power to determine their own jurisdiction to grant relief, and are bound to notice the limits of their authority in a particular case, although not raised by the parties. In 20 Am. Jur.2d, *Courts* §92, page 453 it is stated —

> A court has the power and duty to examine and to determine whether it has jurisdiction of a matter presented to it . . . This question should be considered by the court before it looks at other matters involved in the case, . . .

In Cournand v. Lucor Corp., (Fla.App.2nd Dist. 1959) 114 So. 2d 733, 736, the rule is stated with approval in this language —

> In 14 American Jurisprudence, Courts, Sec. 167, at page 368, it is stated:
>
> > "Par. 168. *Test of Jurisdiction* — Every court of general jurisdiction has power to determine whether the conditions essential to its exercise exist. In fact, it must, of its own motion, always consider the question of its jurisdiction over any matter brought before it, although not raised by the parties, since it is bound to take notice of the limits of its authority."

Because each will rests on its own foundation of testamentary capacity and voluntariness, vel non, it is obvious that, should the will on probate be set aside on petitioners' grounds, such would not, of itself, affect either previous wills. It would be an exercise in futility, creating multiplicity of unnecessary actions, and involve an unnecessary expense to the estate, and delay in the administration of justice, enjoined by section 4 of the Declaration of Rights of the Florida Constitution, if on preliminary determination it should be revealed, as here, that the previous wills are prima facie valid, and no evidence is offered by the petitioners to prove otherwise.

Under the circumstances presented here, the court should make a preliminary investigation of its own jurisdiction, and determine

whether the petitioners have any interest in the estate, in view of the previous wills excluding them from participation. Such was the procedure adopted with much logic and reason by the Supreme Court of Tennessee in Cowan v. Walker, (1906) 117 Tenn. 135, 96 S.W. 967, followed in that state by Jennings v. Bridgeford, (Tenn. 1966) 403 S.W.2d 289. Sanctioning this procedure are the cases of Succession of Feitel, (1937) 187 La. 596, 175 So. 72, and Conner v. Brown, (1938) 39 Del. 529, 3 A.2d 64.

In the *Cowan* case, supra, at page 970, the court said —

> Under our authorities, however, a contestant must have a substantial interest which is to be served by his contest. Wynne v. Spiers, supra, and the various cases citing it.

> Let it be granted, however, to the petitioner, that prima facie, being one of the next of kin of the deceased, he had the right claimed for him by his counsel, yet we think this prima facie case is necessarily met and destroyed by the existence of the earlier, valid, but unprobated, will. This leaves him a stranger to the estate, and as such without any right of contest.

In the *Feitel* case, supra, at page 81, the court said —

> If we maintain, in a case like this, that the court cannot consider a previous will merely because it has not been probated, in determining whether the plaintiff has a right of action, and if the plaintiff should succeed in annulling the last will, the plaintiff would have to bring another suit to annul the next preceding will, when probated; and, if the plaintiff should succeed also in annulling that will, he or she would have to bring another suit to annul the next preceding will, when probated, and so on down the line; and, if the plaintiff should eventually come to a valid will, all of his or her victories — and all of the time and trouble given to the litigation — would be in vain.

In their brief, the petitioners contend that the procedure of motion for summary judgment to test the jurisdiction of this court in this case is no longer an appropriate remedy under the Florida Rules of Probate and Guardianship Procedure. Whether or not, technically, the motion for summary judgment is no longer apropos for use in the probate court as it was previous to the adoption of the rules, see In re Knight's Estate, (Fla.App. 1st Dist. 1959) 108 So.2d 629, is a question not necessary for the court to decide in this case. Where the issue of previous wills, excluding petitioners from the estate, is raised in the answer of proponents to the will, this court has full power and authority to order a preliminary investigation to determine the effect of previous wills on its jurisdiction.

Should the contention of the petitioners be correct, they are in no position to raise the question of the availability of the motion for summary judgment in this case, as they have utilized the hear-

ing on the motion for summary judgment for the same purpose as the proponents, namely to determine their interest in David O. True's estate. They have urged the court to rule that, if the will on probate is set aside on their petitions being granted, the testator would then be deemed by the court to have died intestate under §731.15, on the ground that this section would prevent the former wills from ever being effective. While there is no merit to their contention, by having used the hearing for a ruling on their interest in the estate, they have clearly waived any objection to the procedure followed in the instant case. See Watkins v. Riverside Military Academy, (1945) 156 Fla. 398, 23 So.2d 386.

In their brief, petitioners submit "that the motions to dismiss and for summary judgment by proponents should be denied", but the court is of the opinion that proponents' motions to dismiss, as well as their motion for summary judgment, are both entitled to be granted, in view of the hearing on March 11, 1968, and the evidence which was adduced there.

Wherefore, the premises considered, it is the finding of the court that petitioners do not have any standing to maintain their petitions to revoke the probate of the will of David O. True; that, in contemplation of law, they are strangers to his estate, and without interest to contest his will; and that there is no genuine issue of this material fact.

Therefore, it is, considered, ordered and adjudged that said motions of the proponents be and they are each hereby granted, and the petitions to revoke the probate of the will of David O. True, deceased, filed by the petitioners, Jane D. Lewis and Elizabeth Weir, and Edward Owen, Milton Owen, Esther Cook and Jane Chalmers, be and they are each hereby dismissed with prejudice, at the cost of the petitioners.