### In re PFEIFFER'S WILL.

No. 74099.

County Judges' Court, Dade County.

August 21, 1970.

L. J. Cushman, Miami, for the petitioner.

Edward C. Vining, Jr., Miami, for the executrix.

VINCENT T. HALL, County Judge.

This cause coming on to be heard upon the respondent-executrix's motions to dismiss, or alternatively to strike petition of Iva Davis to revoke probate of will, motion for order on the pleadings and for summary judgment, and the court having heard argument of counsel and having examined the matters of record, and the court file in this cause, the petition for revocation of the probate of will heretofore filed by petitioner Iva Davis, the answer and response to petition of Iva Davis for revocation of the probate of

will, with the various exhibits attached thereto, and the court having examined the last will of the decedent heretofore admitted to probate dated November 10, 1966, and also four additional wills of the decedent and one codicil, together with the executed oaths of witnesses to the wills, and being fully advised in the premises, the court makes the following findings, to-wit —

That five previous petitions to revoke the probate of the will of the decedent dated November 10, 1966 have been filed and, after trial of all of the issues therein, the various petitions to revoke probate were each denied, and such order was then appealed to the Third District Court of Appeal and the Supreme Court, and said order was held valid. Miami Bay Oaks Soroptimist Home for the Aged, Inc., et al v. Smith, as Executrix of the Estate of Julia F. Pfeiffer, consolidated with Allamong and Jean D. Thaxton, Executrix of the Estate of Mary Gandee, deceased v. Smith, as Executrix of the Estate of Julia F. Pfeiffer, 224 So.2d 444, certiorari denied by Supreme Court without opinion, 232 So.2d 175, 179.

That under statutes which permit the contest of wills by persons interested or claiming to be interested in the decedent's estate, the general rule is that a contestant must have some pecuniary or beneficial interest in the estate of the decedent that is detrimentally affected by the will, and it is obvious that said petitioner's interest in this estate is dependent upon the intestacy of Julia F. Pfeiffer's estate, and that the petitioner Iva Davis is not mentioned, nor does she have any beneficial interest in the will heretofore admitted to probate dated November 10, 1966, nor in any of the other four wills and codicil of the decedent admitted into evidence herein. See in re True's Will, 31 Fla. Supp. 1, and 57 Am. Jur., *Wills* §798, p. 541.

That the instant petitioner is not such a party in interest as to have the right to bring this petition to revoke in view of the fact that the record in this case clearly shows that the decedent executed a series of wills and a codicil, the validity of which has not been questioned, and the petitioner herein has not been mentioned in any of the series of previous wills; and this court is not at liberty to completely ignore the previously executed wills. In re True's Will, 31 Fla. Supp. 1; Wilcoxon et al v. Wilcoxon, 165 Ill. 454, 46 N.E. 369.

It is apparent from an examination of the wills now on deposit with this court and marked as exhibits herein that the petitioner has no sufficient standing to invoke the jurisdiction of this court to revoke the probate of Julia F. Pfeiffer's last will and testament dated November 10, 1966. A court has the power and duty to examine and to determine whether it has jurisdiction of a matter

presented to it and this question should be considered by the court before it looks at other matters involved in the case. 20 Am. Jur. 2d, *Courts* §92, p. 453; In re True's Will, 31 Fla. Supp. 1, 6; Cournand v. Lucor Corp., 114 So.2d 733, 736; Cowan v. Walker, 96 S.W. 967.

And, in fact, where the issue of previous wills excludes petitioner from the estate and is raised in the answer of proponents of the will, this court has full power and authority and should order a preliminary investigation to determine the effect of previous wills on its jurisdiction. Cowan v. Walker, supra.

Let it be granted, however, to the petitioner, that prima facie, being one of the next of kin of the deceased, she had the right claimed for her by her counsel, yet it is this court's position that this prima facie case is necessarily met and destroyed by the existence of the earlier, valid, but unprobated wills, and this leaves her a stranger to the estate, and as such, without any right to contest.

Notwithstanding this order, the prior law of this case has been established by the appellate courts of this state and the decision is res judicata as to the questions and issues now raised herein.

The appellate courts have settled the questions of undue influence and the testamentary capacity of this decedent, and have determined that the previous order of this court — finding the will to have been validly executed and that the testatrix has testamentary capacity — to be a valid order, and have affirmed said order.

Every issue and every fact raised by the present petition was raised by one or more of the five previous petitions to revoke probate of the same will which were consolidated for trial in the lower court and for appellate purposes, and the same issues were ruled on and decided by the appellate courts, and the questions raised in the present petition were the same questions raised in the previous litigation regarding the same decedent and for the court to have another hearing at this time on the same questions, already decided, would be for this court to overrule the decisions of the appellate courts of this state.

It is interesting to note that the present petitioner Iva Davis, who is alleged to be an heir at law of the decedent, is a member of a class of intestate heirs of which one Mary Gandee (Jean D. Thaxton, Executrix of the Estate of Mary Gandee, deceased) was also a member and which intestate position and claim was one previously litigated herein in an almost identical challenge to the decedent's will as set forth in the instant petition. Miami Bay Oaks Soroptimist Home for the Aged, Inc., et al v. Smith, as Executrix

of the Estate of Julia F. Pfeiffer, consolidated with Allamong and Jean D. Thaxton, Executrix of the Estate of Mary Gandee, deceased, v. Smith, as Executrix of the Estate of Julia F. Pfeiffer, supra.

Justice requires that there be a finality of litigation at some point in order to prevent depletion of the estate by fees and court costs and such depletion is certainly not to be encouraged.

Wherefore, the premises considered, it is the finding of this court that the petitioner Iva Davis does not have any standing to maintain her petition to revoke the probate of the will of Julia F. Pfeiffer dated November 10, 1966; that, in contemplation of law, she is a stranger to the decedent's estate and without interest to contest decedent's will; that there is no genuine issue of any material fact, and this court is without jurisdiction to entertain said petition.

Therefore, it is considered, ordered and adjudged — (1) That this court's ruling on respondent's motion for summary judgment is reserved, the same being now moot. (2) That all other motions of the respondent-executrix, Moyse B. Smith, be and they are each hereby granted, and the petition to revoke the probate of the will of Julia F. Pfeiffer dated November 10, 1966 filed herein by Iva Davis as petitioner be and it is hereby dismissed with prejudice, at the cost of the petitioner.