385 So.2d 1116 (1980)
Joseph G. DUBOWITZ and Ida Dubowitz, His Wife, Appellants,
v.
CENTURY VILLAGE EAST, INC., a Florida Corporation, and Cen-Deer Communities, Inc., a Florida Corporation, Appellees.
No. 79-239.
District Court of Appeal of Florida, Fourth District.
June 25, 1980.
Rehearing Denied July 29, 1980.
Michael J. McNerney and Keith A. Gasman of Brinkley, McNerney & Morgan, Fort Lauderdale, for appellants.
Gerald Mager and Linda K. Raspolich of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellees.
Jim Smith, Atty. Gen. and Thomas M. Pflaum, Asst. Atty. Gen., Tallahassee, as amicus curiae.
*1117 HERSEY, Judge.
Appellants filed a complaint against appellees seeking injunctive and declaratory relief with respect to their rights as members of a condominium association which is the lessee of a clubhouse located near the condominium. The alleged right sought to be vindicated here is the right of certain members of the condominium association to assemble at the clubhouse for meetings of the Century Village Democratic Club. Appellee, Century Village East, Inc., is the lessor of those facilities.
An emergency hearing on appellants' motion for temporary relief was commenced in the trial court on June 8, 1978. This hearing was not completed and was continued until September 7. At the conclusion of the September 7th hearing, the trial court announced that it was dismissing the cause. The record discloses that appellants' only objection to this proposal was that there was no testimony on Section 713.122 [123], Florida Statutes (1979) other than on the question of the temporary injunction. The trial court then stated that it would enter an order denying any temporary injunctive relief and would take the remainder of the case under advisement. The court further requested memoranda on whether the suit should be dismissed, specifically in relation to Section 718.122 [123], Florida Statutes (1979). Appellants acquiesced in this procedure, never once objecting on the basis of insufficient notice or on any other grounds. Further, appellants never contended to the trial court that they actually had additional evidence to present. Finally, when afforded the opportunity to address the propriety of dismissal of their complaint by memorandum, appellants chose not to object to the procedure suggested by the trial court.
Since the remedies requested by appellants were cognizable in equity, the trial court was called upon to exercise its equitable powers. The chancellor in a court of equity is empowered to enter judgment at any time during a proceeding when it clearly appears that upon all questions of fact before him, judgment should be entered as a matter of law. Marsh v. Sarasota County, 97 So.2d 312 (Fla.2d DCA 1957).
Further, objections to procedural matters not raised in the lower court cannot be raised on appeal and a party who fails to make a timely objection to what he perceives to be procedural irregularities will be deemed to have waived the same by acquiescence. Marsh v. Sarasota County, Id. We have no question of due process here.
Accordingly, in the instant case, the trial court had the authority to dismiss the case and any objections to possible irregularities of procedure, including insufficient notice, were waived. We therefore affirm.
AFFIRMED.
LETTS, C.J., concurs.
MOORE, J., dissents with opinion.
MOORE, Judge, dissenting:
I respectfully dissent. In my opinion appellants should have an opportunity to present evidence on the issues involved after those issues are created by a responsive pleading to the appellants' complaint. I would reverse for further proceedings.