GLICKSTEIN, Judge.
This is an appeal from an order which determines the defendant to be a habitual felon and states reasons for exceeding the sentencing guidelines. We again reverse and remand with direction to resentence the defendant within those guidelines.
The case was previously remanded to obtain written reasons for departure. Bourgault v. State, 491 So.2d 623 (Fla. 4th DCA 1986). The trial court’s order, dated September 15, 1986, was without the benefit of the subsequently decided Whitehead v. State, 498 So.2d 863 (Fla.1986), which eliminated habitual offender status as a reason for departure from the guidelines. Whitehead compels disapproval of the trial court’s first ground for departure.
Whether or not we could determine from the record whether the second ground given by the trial court for departure would, standing alone, result in the same sentence is moot. This is because we reject the second ground given in the trial court’s order, and hold the facts here do not constitute an “escalating pattern of criminal behavior” as that term is discussed in Keys v. State, 500 So.2d 134 (Fla.1986) and Abt v. State, 504 So.2d 548 (Fla. 4th DCA 1987).
The defendant went on probation in 1983 following an attempted sexual battery. His present crime is sexual battery. The only difference in the crimes — for the purpose of our discussion — lies in the failure to consummate the former and success in the latter. In our view, “escalating pattern” contemplates a rise in the level of violence characteristic of the offenses successively undertaken, and not the difference between attempt and fruition. Here, the trial court’s language was “escalating personal violent nature”. Both crimes here *1287 contemplated similar, heinous personal violence upon the victim.
WALDEN and STONE, JJ., concur.