529 So.2d 1253 (1988)
Deborah Day CATES, Appellant,
v.
John R. FRICKER, Appellee.
No. 88-354.
District Court of Appeal of Florida, Second District.
August 19, 1988.
*1254 Douglas C. Roland of Alley, Maass, Rogers, Lindsay & Chauncey, Tampa, for appellant.
John R. Haggitt, Clearwater, for appellee.
LEHAN, Judge.
We affirm the summary judgment which denied appellant's petition for revocation of probate of her father's will which excluded appellant as a beneficiary. The basis for the summary judgment was that appellant "was specifically excluded as a beneficiary in two (2) previous Wills, the validity of which have not been questioned... ."
Section 733.109(1), Florida Statutes (1987), provides that any "interested person" may bring an action for revocation of probate. An "interested person" may be an heir at law. In re Estate of Ballett, 426 So.2d 1196, 1199 (Fla. 4th DCA 1983). However, it was properly determined in this case that appellant is not an heir at law and thus is not such an "interested person."
That there had been previous wills of the decedent which also excluded appellant was not by itself necessarily determinative of her lack of standing as an heir at law to contest the will. See Kelley, "Probate Litigation," Basic Practice Under the Florida Probate Code § 20.24 (1987) ("While it is normally considered that the doctrine of dependent relative revocation will reinstate the next prior will if the present will is determined to be invalid, contrary to popular belief, this is not an imperative."). See also Stewart v. Johnson, 142 Fla. 425, 194 So. 869 (1940); Denson v. Fayson, 525 So.2d 432 (Fla. 3d DCA 1988); In re Lubbe's Estate, 142 So.2d 130, 135 (Fla. 2d DCA 1962). But when an at least facially valid previous will is before the court, the burden is on the potential *1255 heir at law who wishes to contest a will to show that the previous will which excluded the contestant was invalid or that the doctrine of dependent relative revocation did not apply. Such facial validity may be shown, as it was here, through copies of previous wills which include copies of the signatures of the testator and witnesses and of the notary certificate. Appellant did not carry her above described burden. See In re Estate of Pfeiffer, 34 Fla. Supp. 132 (Dade Cty. Ct.), aff'd, 240 So.2d 211 (Fla. 3d DCA 1970).
Affirmed.
CAMPBELL, C.J., and HALL, J., concur.