LEHAN, Judge.
Defendant appeals from his sentence for dealing in stolen property and aggravated battery and contends that the trial court improperly departed upward from the guidelines recommended sentence. We agree, reverse, and therefore need not deal with his additional contention that the sentence exceeded the statutory maximum.
In the trial court’s narrative description of the basis for departure the only reasons we can perceive which might arguably be proper under the case law are (1) that “defendant’s past criminal behavior indicates such a pattern as to warrant this court departing from the sentencing guidelines” and (2) that defendant’s violation of probation was of a serious nature. However, as to (1), the trial court’s narrative does not identify an escalating pattern of criminal conduct, and no sufficient such pattern was shown by defendant’s one conviction for aggravated battery which followed a prior conviction for dealing in stolen property. See Bourgault v. State, 515 So.2d 1286 (Fla. 4th DCA 1987). As to (2), while under State v. Pentaude, 500 So.2d 526 (Fla.1987), a violation of probation which is found by the trial judge to be sufficiently egregious may provide a valid reason for departure, no such finding was made here nor do we conclude that such a finding could properly have been made under the facts.
Reversed and remanded for sentencing within the guidelines recommended range. See Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
CAMPBELL, C.J., and HALL, J., concur.