# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-2961
_____

SHANNON D. CHRISTIE,

    Appellant,

    v.

DAVID G. QUALLS, as the
personal representative of the
Estate of Ollie Mae Dean Qualls,

    Appellee.

_____

On appeal from the Circuit Court for Gadsden County.
David Michael Frank, Judge.

June 12, 2024

PER CURIAM.

Shannon D. Christie appeals the final distribution and discharge of the Estate of Ollie Mae Dean Qualls (the Estate). Christie argues the trial court deprived her of due process when it failed to hear her motion to remove the personal representative and distributed the estate without determining if the apportionment was "reasonable and equitable."

Without addressing the merits, we affirm because, based on the record on appeal, we cannot determine whether Christie has standing to challenge the final distribution and discharge orders.

## I.

After Ollie Mae Dean Qualls died, her son, David G. Qualls ("Qualls"), petitioned the trial court to open a formal administration of the Estate and appoint him personal representative. A formal notice of the probate administration was served on the beneficiaries, except those who waived service, and all the requirements under the applicable statutes and rules were followed. Thus, Qualls was appointed the Estate's personal representative, and letters of administration were issued.

After resolving certain creditor claims, Qualls filed a "Petition to Determine Beneficiaries" (the Petition). Christie moved the trial court for a hearing on the Petition, and filed her own petition to remove Qualls as personal representative. However, the trial court never set Christie's motions and petition for a hearing and never disposed of the matters.

Later, on Qualls' motion, the trial court ordered the final distribution and discharge of the Estate. This appeal follows.

## II.

Section 733.506, Florida Statutes, provides that "[p]roceedings for [the] removal of a personal representative may be commenced by the court or upon the petition of an *interested person.*" (Emphasis supplied.) Thus, Christie must be an "interested person" to seek the removal of Qualls as the Estate's personal representative.

In Florida, an "interested person" is "any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved" and "may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings." § 731.201(23), Fla. Stat. In a probate proceeding, a person "may reasonably be expected to be affected by the outcome" of the proceeding if they are a beneficiary of the estate. But on the record before us, it is unclear whether Christie is a beneficiary of the Estate.

A beneficiary is a "devisee in a testate estate." § 731.201(2), Fla. Stat. Christie, however, is not identified in the will, her father

2

is. But her father predeceased the decedent, therefore, for Christie to have standing as an "interested person" she must have inherited her father's future interest identified in the probated will. *See* § 732.603(1), Fla. Stat. (the Florida Anti-Lapse statute).

The burden was on Christie to establish her standing in the proceeding below to properly seek the removal of Appellee as the Estate's personal representative. *See Cates v. Fricker*, 529 So. 2d 1253, 1255 (Fla. 2d DCA 1988). But because the trial court never held a hearing on the Petition, or Christie's other filings, the record is devoid of evidence that would have established Christie's standing as an "interested person." Thus, Christie cannot carry her burden.

Even if Christie could establish standing, the arguments on appeal were unpreserved, and therefore are not subject to appellate review. *See Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) (citing *Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638 (Fla. 1999)).

Accordingly, the trial court's final distribution and discharge orders are AFFIRMED.

LEWIS, WINOKUR, and M.K. THOMAS, JJ., concur.

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————

Shannon D. Christie, pro se, Appellant.

No appearance for Appellee.

3