PIERCE, Acting Chief Judge.
Appellant Ruby Moses, sister of the testatrix, Helen G. Gorham, deceased, appeals from a judgment refusing to revoke the probate of the decedent’s Will devising the bulk of her estate to a stranger to the blood.
We hold that appellant failed to carry the burden of establishing testatrix’s testamentary incapacity at the time she made the Will in the light of the Florida cases bearing upon the point. In re Starr’s Estate, 1935, 125 Fla. 536, 170 So. 620; In re Carnegie’s Estate, 1943, 153 Fla. 7, 13 So.2d 299; Chapman v. Campbell, Fla.App.1960, 119 So.2d 61; Skelton v. Davis, Fla.App.1961, 133 So.2d 432.
Appellant contends that the testatrix was suffering from delusions of persecution by her sister, and that her decisions were controlled and suggested by her delusions. We are cognizant of the language of the Supreme Court in Newman v. Smith, 1919, 77 Fla. 633, 667, 688, 82 So. 236, 241, to the effect that—
“ * * * where there is an insane delusion in regard to one who is the object of the testator’s bounty, which causes him to make a will which he would not have made but for that delusion, such will cannot be sustained.
See Kingdon v. Sybrant, N.D.1968, 158 N. W.2d 863; In re Estate of Martin, 1969, 270 Cal.App.2d 506, 75 Cal.Rptr. 911; In re Estate of Protyniak, 1967, 427 Pa. 524, 235 A.2d 372; 94 C.J.S. Wills § 18 b; 57 Am.Jur., Wills, § 81; 34 Fla.Jur., Wills, § 30; 175 A.L.R. 882, 953 et seq.
But in Hooper v. Stokes, 1933, 107 Fla. 607, 145 So. 855, the Supreme Court, speaking through the late Justice Terrell, said:
“A mere belief in a state of facts, however imperfect or illogical, will not support an insane delusion. It must be the offspring of an unsound or deranged condition of the mind. Any belief which arises from reasoning from a known premise, however imperfect the process may be, or how illogical the conclusion reached, is not an insane delusion. If one of normal faculties can put himself in the place of the subject of an insane delusion and conceive how he could believe that which he is charged with believing, and still be in full possession of his faculties, an insane delusion is not established; neither will such a delusion be supported on undue prejudice, if based on any kind of reasoning.”
*444 And in Kingdon v. Sybrant, supra, the Supreme Court of North Dakota said that there should be proof that the “insane delusion” has no foundation in fact or in probability, in order to show that it is wholly a product of the imagination. See In re Estate of Protyniak, supra; 94 C.J.S. Wills § 18 a; 57 Am.Jur., Wills, §§ 80, 82, 83; 34 Fla.Jur., Wills, § 30; 175 A.L.R. 882 et seq.
In the case sub judice appellant contends that testatrix suffered from a delusion that appellant, her sister, had gained control of a pension fund from her former employer, even though her former employer and others had advised her that there was no such pension fund. However, appellant did not rule out the possibility that testatrix’s antipathy towards her sister was based on other grounds, or that her belief in the pension fund was not based on “any” kind of reasoning.
There was testimony that appellant had not visited her sister in more than thirteen years; that there was a time that the sisters were not on a friendly basis when testatrix wrote to appellant asking her for help in getting a retarded niece out of a mental institution; that thereafter appellant stopped sending money to testatrix and later testatrix refused to take money directly from appellant. Some of the letters and papers introduced in evidence by appellant reveal that testatrix thought appellant signed the papers to have her committed to the insane asylum in 1965; and that testatrix thought that her husband had paid off in full a $620.00 chattel mortgage to appellant on November 25, 1950, by cashier’s check. In one letter testatrix asked appellant to cancel all mortgages on her real estate and cattle so that she could make a Will leaving her property to the United States Government as a Home for the Blind in memory of her late husband. She referred to the alleged trust fund from her former employer, stating that her husband believed the monies from said pension fund were diverted by appellant for her own use and that this was the basis of the monthly checks sent to her by appellant. In one letter in March, 1965, testatrix said she still thought she was on a pension, but that the reason the former employer denied this was that he was trying to patch up a falling-out relationship of two sisters.
During the course of the hearing, the lower Court denied appellant’s request to be allowed to make proffer of testimony showing that testatrix’s kinsmen agreed to supply money and made arrangements to relieve the situation which caused the neighbors to file the lunacy inquisition, and succeeded in having the proceedings dropped. We agree with the lower Court that this testimony was inadmissible. Appellant had already testified that she had sent monthly checks and gifts to testatrix over a period of years, and further testified that she had loaned testatrix money which she never tried to collect. The proffered testimony would have added nothing to the testimony already before the Court to show that there was no reason testatrix should have excluded appellant and other members of her family from inheritance under the Will.
The case poses to this Court a most delicate, as well as a most closely balanced, issue as to the testatrix’s testamentary capacity, one which we would probably feel impelled to affirm, whichever way the trial Judge had ruled. Maybe if we had been the triers of fact we would have held to the contrary. But we cannot say, as a matter of law, that on this record the eminent trial Judge was clearly in error in his finding.
The judgment appealed from is therefore
Affirmed.
MANN and McNULTY, JJ., concur.