HOBSON, Acting Chief Judge.
Appellant appeals an order of the county judges court which revoked the admission to probate of the last will and testament of the decedent executed on July 16, 1968.
On February 2, 1968, the decedent executed a will wherein he requested a Masonic burial, a life estate to his home to his brother and the rest, residue and remainder of his estate to the appellee herein. In the July 16, 1968 will the decedent deleted the request for a Masonic burial, again left a life estate in his home to his brother, and the rest, residue and remainder to appellant, Ohio Mechanics Institute.
The county judge in his order revoking the July 16, 1968 will gave as his reason therefor:
“Wherefore, it is the conclusion of this Court that at the time of execution, July 16, 1968, the testator was in a general way mentally competent to execute a Will. However, he was suffering from an insane delusion in regards to his Masonic membership, which delusion had no basis in fact and was the cause of making a new Will that he would not have made but for that delusion and the new Will, being the result of said delusion, is therefore, invalid,”.
In Hooper v. Stokes, 107 Fla. 607, 145 So. 855 (1933), an insane delusion was defined as follows:
“An insane delusion has been defined as a spontaneous conception and acceptance as a fact, of that which has no real existence except in imagination. The conception must be persistently adhered to against all evidence and reason. It has also been defined as a conception originating spontaneously in the mind without evidence of any kind to support it, which can be accounted for on no reasonable hypothesis, having no foundation in reality, and springing from a diseased or morbid condition of the mind.

*688 It is well settled that a will should be held invalid for lack of testamentary capacity if it is executed as a result of an insane delusion; In re Estate of Supplee, 247 So.2d 488 (Fla.App.1971).
In the instant case the decedent in his first will requested a Masonic burial and left the rest and residue of his estate to the appellee, a Masonic lodge. Prior to executing his last will, decedent, on July 2, 1968, went to the office of his attorney who drew the prior will and requested him to draw a new will substituting the appellant for the appellee because he had been kicked out or was black-balled by the Masons. On this day decedent’s attorney advised him that he had received a letter a few days earlier from the appellee Masonic lodge which contained a resolution setting up a fund for the decedent’s anticipated bequest contained in the February 2nd will and that there was no way in the world he could have been kicked out. Decedent refused to accept this information; whereupon his attorney called the appellee’s lodge in Cincinnati, Ohio in the presence of the decedent and his stockbroker. This telephone call revealed that the decedent was not and never had been expelled from the Masons, had never had any charges leveled against him and that he was a member in good standing. Decedent, even upon this evidence, persisted in his belief that he had been kicked out of the Masons. His attorney after ascertaining that the decedent had no basis upon which to believe that he had been kicked out of the Masons, refused to draft a new will for the decedent. Thereafter another attorney drew ■the will of July 16, 1968.
Appellant contends that in order to establish that decedent suffered from an insane delusion his belief that he was kicked out of the Masons had to be shown that it was not based on any kind of reasoning and cites Moses v. Rainey, 241 So. 2d 442 (Fla.App. 1970) as authority. We agree with this statement of the law. In Moses, supra, there was evidence which established other bases for the testatrix’s belief that there was in fact a pension fund and therefore the court held that an insane delusion had not been established.
In the instant case there is no evidence to establish any basis for the decedent’s belief that he had been kicked out of the Masons. Decedent had stated on occasions that he had information that he had been kicked out of the Masons but at no time would he divulge the source of his information.
The able county judge heard all of the testimony and upon his finding that the delusion had no basis in fact and was the cause of making the new will which he would not have made but for the delusion, entered his order revoking the will of July 16, 1968.
Finding no reversible error in the order appealed, it is hereby affirmed.
Affirmed.
McNULTY, J., and SACK, MARTIN, Associate Judge, concur.