PER CURIAM.
Appellant/petitioner, the niece of the testatrix’s deceased husband, appeals from an order admitting a challenged will to probate and denying her petition for revocation of said will. Appellees/respondents are Flagship National Bank of Miami Beach, the designated personal representative of the deceased’s estate, and deceased’s four nieces, beneficiaries under the will.
On June 4, 1976, Flagship National Bank of Miami Beach filed a petition for administration of the Estate of Elizabeth W. Bla-key. Shortly thereafter, on June 8,1976, an order admitting the testatrix’s will of November 10,1972, to probate was entered by the trial court. This 1972 will had been executed by Mrs. Blakey when she was approximately eighty-five (85) years of age and in poor physical health. Appellant was a named beneficiary in the prior will of the testatrix but was excluded from the will of 1972.
On September 7, 1976, appellant filed a petition for the revocation of probate on the grounds that, at the time of the execution of the will, Mrs. Blakey lacked the requisite testamentary capacity. After a two day hearing on the petition, during which time the very able trial judge heard much contradictory testimony concerning the de *631 ceased’s powers of comprehension, a lengthy order was entered, replete with findings of fact and conclusions of law. In the order, the judge concluded that Mrs. Blakey possessed the requisite testamentary capacity in the execution of her last will and testament or, alternatively, that Mrs. Blakey executed her will during a lucid interval at which time she did possess the requisite testamentary capacity.
While appellant strenuously emphasizes that the greater weight of the evidence supports the view that Mrs. Bla-key lacked testamentary capacity, the record does reveal competent substantial evidence to the effect that the deceased at least possessed testamentary capacity during a lucid interval during which time she executed the will.
Testamentary capacity is to be judged solely at the time of the execution of the will, and as there was competent substantial evidence to sustain the trial judge’s conclusion of competency, we will not substitute our judgment for the judgment of the trial judge. In re Carnegie’s Estate, 153 Fla. 7, 13 So.2d 299 (1943); Skelton v. Davis, 133 So.2d 432 (Fla.3d DCA 1961).
Accordingly, the order admitting the last will and testament of Elizabeth W. Blakey to probate is hereby affirmed.
Affirmed.