387 So.2d 409 (1980)
In re the ESTATE OF Frank E. HAMMERMANN, Deceased.
No. 79-47.
District Court of Appeal of Florida, Fourth District.
July 30, 1980.
Rehearing Denied September 25, 1980.
*410 Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., and Stafford & Wooten, Fort Lauderdale, for appellant, Esther Hammermann Ritchie.
Jack M. Large, Fort Lauderdale, for appellee, Alicia Zachman.
GLICKSTEIN, Judge.
This is an appeal from a final judgment entered by the trial court denying the appellant's petition for revocation of the decedent's will with prejudice. We affirm.
Appellant contends the trial court erroneously relied upon lay testimony in determining the decedent's testamentary capacity in view of contrary medical testimony that the testator was of unsound mind when the will was executed.
Appellant is the testator's only grandchild and had been the beneficiary of the testator's earlier will. On February 7, 1977, the same date appellant applied for a hearing seeking involuntary hospitalization of the testator under the Baker Act, the testator was in a lawyer's office requesting that the lawyer  the appellee/personal representative of the estate  prepare a will for him leaving everything to the testator's sister. That will was prepared but never signed. The testator did however sign a handwritten will the same day the circuit judge had ordered testator's medical evaluation. The handwritten will, prepared by a friend of the testator, had the same dispositive provisions as that prepared by the lawyer.
Two psychiatrists examined the testator, one on February 11th and the other nine days later. In the opinion of the first, Dr. Isa A. Samad, the testator did not have sufficient mental capacity to execute a will. The second, Dr. Pedro Melchor, corroborated the testimony of Dr. Samad, having diagnosed the testator's condition as organic brain syndrome with psychosis, a condition that had to exist for a considerable period of time prior to the examination. It is appellant's contention that the lay testimony of the testator's friends and lawyer was insufficient to controvert appellant's medical testimony that the testator did not have sufficient mental capacity to execute the will.
Of the lay witnesses, Mary Elizabeth Adkinson, a woman 90 years of age, testified she had witnessed the will and had known the testator for forty or fifty years. She had never been concerned for his mental *411 condition and it was her opinion that he had been capable of caring for himself.
Mary E. Adkinson, the daughter-in-law of the previous witness and a registered nurse, testified that she actually printed the will signed by the testator just before he went to the hospital on the night of February 10th. She stated she had seen the testator two or three times a week, had known him for 17 or 18 years, and had no reservations about his mental capacity. It was her testimony that he went through the will and read it all very carefully and that when he signed the handwritten will he knew what he was doing.
Alicia Zachman, the attorney visited on February 7th by the testator, stated that her practice was largely wills, trusts, probate and guardianship; that she had no reservations about the testator's testamentary capacity; and that he was "very, very definite in what he wanted to do."
Another witness to the will, Francis D. White, had known the testator for two years, and testified that on the night the will was signed, "he was mentally all right," talked normally and was very unhappy about going into the hospital.
Appellant relies upon the adjudication of mental incompetency on March 14, 1977, together with the psychiatrists' opinions upon which the adjudication was based. Appellant points out that by rejecting medical testimony in favor of lay witnesses, the trial court was accepting a medical diagnosis from persons unqualified to make such diagnoses.
The determination as to the competency of the decedent in his testamentary capacity was within the exclusive province of the trial court. An appellate court will not interfere with the trial court's determination of the facts unless there is "an abuse of discretion, a legal insufficiency of the evidence, or a misconception of the probative effect of the evidence." In re Estate of Burkhart, 204 So.2d 737, 740 (Fla.2d DCA 1967).
In re Zimmerman's Estate, 84 So.2d 560, 562 (Fla. 1956), the supreme court stated:
A study of the pertinent cases reveals that the precise condition of the testator's mental health at the time he executed his will may be established in more ways than one. It may be established by direct proof as to its condition when the will was executed or it may be established by inferences from proof of his mental condition leading up to and following the execution of the will when such proof is properly related and connected... .
Accordingly, it is our view that the lay testimony was competent evidence of the testator's testamentary capacity on February 10, 1977, and that the trial court was not obliged to reject that evidence in light of medical testimony to the contrary. We find ample support for the conclusion of the trial court and feel impelled to uphold that conclusion. Accordingly, the judgment is affirmed.
AFFIRMED.
LETTS, C.J., and BERANEK, J., concur.