GLICKSTEIN, Judge.
This is an appeal from an order denying appellant’s petition for revocation of probate and an order assessing costs against him. We remand for clarification.
Appellant is the son of the decedent, who died eight months after execution of the will being contested here. The subject will left everything to the decedent/widower’s neighbor of ten years and contained a gift of $1.00 each to appellant and the decedent’s stepdaughter. At the time the will was executed, the decedent was 88 years' of age, legally blind and in frail physical health. Included among the disturbing facts in this case are (1) that the will was executed in the attorney’s office while ap-pellee, the main beneficiary, was actually present at the time of execution; and (2) that the original will was given to appellee, albeit at the decedent’s instructions.
As for the first fact, a beneficiary normally should not be present during execution of a will nor when an attorney is discussing a prospective will with the testator client. With respect to the beneficiary’s having been given the original will, there is evidence that this legally blind decedent wished to destroy it. First, the decedent told the attorney some time after execution of the will that he learned that the appel-lee/benefieiary, without his authorization or knowledge, had withdrawn money from a joint account the decedent had established. Second, he later told the attorney that he had destroyed the will, wanted his son to be his heir, and was glad that in the absence of the disputed will — which the decedent said he had destroyed — appellant would now inherit from him. Third, there was testimony that the decedent distrusted appellee, after the unauthorized withdrawal of funds, and was afraid of her involvement in his financial transactions.
This matter involved alleged undue influence on the part of the appellee/benefi-ciary; and while there was ample evidence from which the trial court could find, as it did, that a presumption of undue influence by appellee upon the decedent arose in this case, thereafter the trial court concluded that such presumption had disappeared. As we discussed in Insurance Company v. Guzman, 421 So.2d 597 (Fla. 4th DCA 1982), Florida recognizes vanishing and non-vanishing presumptions. §§ 90.302-.304, Fla. Stat. (1981).[1] Those non-vanishing presumptions — which affect the burden of proof — declare or implement some strong social policy of the state, as the supreme court said in Caldwell v. Division of Retirement, Florida Department of Administration, 372 So.2d 438, 440 (Fla.1979):
*776 Another type of rebuttable presumption is one which affects the burden of proof. These are expressions of social policy. See 5 C. Ehrhardt, West's Florida Practice, Florida Evidence § 303.1 (1977); 1 K. Hughes, Florida Evidence Manual § 57 (1975).
When evidence rebutting such a presumption is introduced, the presumption does not automatically disappear. It is not overcome until the trier of fact believes that the presumed fact has been overcome by whatever degree of persuasion is required by the substantive law of the case. This may be by a preponderance of the evidence or by clear and convincing evidence, as the case may be.
The presumption in this case was non-vanishing because, we believe, a strong social policy exists when the issue is the alleged exercise of undue influence by one enjoying, as here, a confidential relationship with a decedent.[2]
 Appellant was entitled to consideration of the evidence in light of the foregoing evidentiary requirements. The order being appealed fails to recite, particularly in light of the facts to which we have alluded, upon what facts the trial court relied to occasion its conclusion that the presumption disappeared or the degree of persuasion which it required. On remand, the trial court is directed to clarify its order indicating such facts and degree. Only upon such clarification will this court be able to determine finally whether it should interfere with the trial judge’s determination of the facts.[3]
ANSTEAD and BERANEK, JJ., concur.

. Section 90.302 provides:
Classification of rebuttable presumptions.— Every rebuttable presumption is either:
(1) A presumption affecting the burden of producing evidence and requiring the trier of fact to assume the existence of the presumed fact, unless credible evidence sufficient to sustain a finding of the nonexistence of the presumed fact is introduced, in which event, the existence or nonexistence of the presumed fact shall be determined from the evidence without regard to the presumption; or
(2) A presumption affecting the burden of proof that imposes upon the party against whom it operates the burden of proof concerning the nonexistence of the presumed fact.
Section 90.303 provides:
Presumption affecting the burden of producing evidence defined. — In a civil action or proceeding, unless otherwise provided by statute, a presumption established primarily to facilitate the determination of the particular action in which the presumption is applied, rather than to implement public policy, is a presumption affecting the burden of producing evidence.
Section 90.304 provides:
Presumption affecting the burden of proof defined. — In civil actions, all rebuttable presumptions which are not defined in s. 90.303 are presumptions affecting the burden of proof.

. Professor Ehrhardt, 5 C. Ehrhardt, West’s Florida Practice, Florida Evidence § 304.1 (1977) agrees with our conclusion. There, citing Rich v. Hallman, 106 Fla. 348, 143 So. 292 (1932), he includes in his list of presumptions which shift the burden of proof the exercise of undue influence over a testator by a person who stood in a position of confidence and received property from the testator.

. As we said in In re Estate of Hammermann, 387 So.2d 409, 411 (Fla. 4th DCA 1980):
An appellate court will not interfere with the trial court’s determination of the facts unless there is “an abuse of discretion a legal insufficiency of the evidence, or a misconception of the probative effect of the evidence.” In re Estate of Burkhart, 204 So.2d 737, 740 (Fla. 2d DCA 1967).