## IN RE: ESTATE OF WILLIAMS

Case No. 87-461 CP

Nineteenth Judicial Circuit, Martin County

January 26, 1989

## OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

### ORDER DENYING PETITIONER'S MOTION TO REVOKE PROBATE

DEANNA SHELANSKY, natural daughter of the Decedent, petitions this Court to revoke probate of her mother's will. Petitioner alleges that her mother lacked sufficient testamentary capacity.

The Court, having heard testimony, considered the exhibits and weighed the credibility of the witnesses, makes the following findings of fact and conclusions of law:

Mrs. Williams came to Florida in 1986 after residing in Connecticut most of her adult life. The record amply demonstrates that throughout her life Mrs. Williams suffered from acute alcoholism. The record further reveals that because of this affliction she was hospitalized on several occasions. The Court has reviewed the records of these periods and with one exception they demonstrate that the lady's behavioral problems were alcohol related.

The deposition of Dr. Stanley Kapuchinski, a psychiatrist, was admitted in evidence. The doctor opined that Mrs. Williams suffered from chronic paranoid schizophrenia. The doctor further testified that her disease was capable of control by medication. The doctor last spoke to her on June 9, 1986. She was going into remission as a result of medication.

The decedent was also treated in Florida at the Indian River Mental Health Clinic for alcoholic dependence and major psychotic depression. Mrs. Williams was treated in house on December 15, 1986 and December 18, 1986.

It is undisputed that during most of her tenure in Florida Mrs Williams conducted her own affairs and functioned without difficulty or successive hospitalizations. The record further reveals that Mrs. Williams took her own life on October 22, 1987 after executing the will that is the subject of this action.

VIRGINIA HOADLEY testified as to the considerable animosity that existed between the decedent and the petitioner. This animosity resulted from a dispute over insurance proceeds paid to the daughter when her father died. MS. SHELANSKY denied this state of affairs and indicated she had no knowledge of her mother's feelings.

This contention is flatly contradicted by the deposition of Arline Mooney. Ms. Mooney is a probate Judge in Connecticut and was Mrs. Williams' attorney. This totally disinterested witness indicated that she both spoke and corresponded with Ms. Shelansky concerning the insurance matter. The Court, based on the foregoing, rejects her testimony as *falsus in Unum, falsus in Omnibus.*

The attorney who prepared the will, one of the witnesses to the will, Judge Mooney who prepared an earlier will and Mrs. Taylor all testified that Mrs. Williams was alert, intelligent and fully competent.

It is apparent to the Court that Mrs. Williams had a life long struggle with alcohol. It is also clear that alcohol abuse was a prime cause of her emotional and psychiatric problems.

The record amply demonstrates that when she conquered her addiction, her psychosis was controllable and she functioned normally. The evidence clearly supports the conclusion that while she was in Florida, Mrs. Williams enjoyed a period of sobriety and generally functioned as a normal person. The Court finds that during this period of lucidity, i.e., on December 2, 1986, the decedent executed her Last Will and Testament.

It may well be that thereafter her condition deteriorated once again.

70

That is only conjecture. At the time of the execution of her will, in the Court's view, she possessed sufficient testamentary capacity.

It is, of course, an axiomatic principle of law that testamentary capacity is to be determined at the time the will is executed. (*In Re: Estate of Blakely,* 363 So.2d 630, (Fla. 3d DCA 1978)) This determination is also the exclusive province of the Court, based on the facts and evidence before the Court.

It is the Court's view that the correct rule of decision in this case is supplied by *In Re: Estate of Hammerman,* 387 So.2d 409 (Fla. 4th DCA 1980).

As in *Hammerman,* there was substantial lay testimony supporting the competency of testator at the time the will was executed. In *Hammerman,* this lay testimony was sufficient to overcome the testimony of two psychiatrists as to decedent's lack of testamentary capacity.

Unlike *Hammerman,* the evidence in this case and the psychiatric testimony, in a light most favorable to petitioner, only establishes a condition that absent medication could render her incompetent. This possibility, in the Court's view, must be discounted based on the testimony of the lay witnesses that mirrors the evidence in *Hammerman.* (*Hammerman* at page 441).

Based on the foregoing, petitioner's Motion to Revoke Probate is denied.